REUBEN RUNYON, appellant v. ABRAHAM BORDINE, appellee.

No man may dig a ditch in a lane of a city, without authority. An individual suffer-
ing special damage by a common nuisance, may sue for the injury peculiar to him-
self, by means of it. Trespass on the case is the proper remedy for digging a
ditch round about and in front of the plaintiff's land.

An action of trespass on the case, was brought by Reuben Runyon, in the court for the trial of small causes, to recover from Abraham Bordine, damages which he had sustained for digging a ditch round about his lot, &c. Judgment was rendered for the appellee. From that judgment the appellant appealed to the Court of Common Pleas. On the trial of the appeal, the appellant, in support of the allegations in his statement of demand, proved that he was the owner and occupant of the house and lot and barn on and adjacent to Town-lane, a public highway in the city of New Brunswick. That there was formerly, in the said public highway, a ditch or gully running parallel with the line of the road on the side next to the plaintiff's premises, and in front of the said barn and premises; through which, the water was carried down the hill; that the appellant had filled up said gully, about fifteen or sixteen years since, with gravel and stones, for the purpose of getting access to his premises; by means whereof, the water was turned off in a different direction; that the defendant, at the time alleged in the state of demand, with five or six men, was engaged in working on the said highway; and that he dug a large ditch, four feet wide and two feet deep, in said Town-lane, where the old ditch formerly had been, and immediately in front of the appellant's house and lot and barn; that the appellee, by means of said ditch, prevented the appellant from coming to his said barn with his wagon and horses, without considerable danger or expense; that the appellant's damages, in the opinion of the plaintiff's witness, in consequence of the said act of the appellee, were forty or fifty dollars.

The appellant having rested, the appellee moved, that the appellant be nonsuited; "because he had shown no cause of action that would entitle him to damages"; which motion, the court, after argument, sustained. This judgment, with the proceedings, is removed into this court by certiorari.

Green *v.* Kleinhans.

*W. Disborough*, for plaintiff.

*E. Wood*, for defendant.

The opinion of the court was delivered by Justice FORD.

FORD, J.   Reuben Runyon declared, in an action on the case, on his ownership of a lot of land, "situate on Town-lane, in the city of New Brunswick," and of a house and barn thereon; and that the defendant dug a ditch in the lane, "round about his lot, and in front of the house and barn, so that access to them with his horses and wagon, became very inconvenient and hazardous; to his damage."   The ditch in Town-lane, is prima facie indictable as a common nuisance.   No man may dig a ditch in a lane of the city, without authority.   An individual suffering special damage by a common nuisance, may sue for the injury peculiar to himself, by means of it.   2 *Bl. Com.* 220.   The court conceiving that, if any action lay, it should be *trespass*, ordered a nonsuit; they mistook it for a ditch *on* the plaintiff's land, when it was not on it, but only round about and in front of his land.   If the defendant relied on a justification, either as being overseer, or claiming a private right to amend any highway, he ought to have been called on to prove it after the plaintiff had proved his case.   The nonsuit appears to me to have been wrong, and ought to be set aside.

Judgment reversed.