Osborne v. Butcher.

---

### THOMAS W. OSBORNE *vs.* SAMUEL BUTCHER.

1. A justice of the peace has no jurisdiction in a case where the action is brought for obstructing a private road.

2. A person entitled to use such road cannot maintain trespass for obstructing it.   The proper action is trespass on the case.

---

*Certiorari* to a court for the trial of small causes.

Argued before Justices ELMER and HAINES.

The opinion of the court was delivered by

HAINES, J.   Samuel Butcher sued Thomas W. Osborne,

Osborne v. Butcher.

in a court for the trial of small causes, in an action of trespass *vi et armis;* and in his declaration complained, " that the defendant had shut up, blocked up, obstructed, and rendered impassable a certain by-road, then used by the plaintiff, and leading from the plaintiff's farm and dwelling-house to the public highway, and which had been, prior to the 31st day of May, 1856, (the time of the injury complained of), used peaceably and without interruption for a period of upwards of twenty-two years, and by other inhabitants of this state for a period of upwards of forty years." Judgment was rendered in favor of the plaintiff, and two reasons are now assigned for its reversal : *first,* that the style of action is misconceived ; *second,* that the justice had no jurisdiction of the cause.

In the earlier practice of the courts for the trial of small causes, it was held that the distinction between trespass and case was so nice that the Supreme Court would not reverse a judgment because the plaintiff had mistaken the one for the other.    *Woodruff* v. *Clark,* 2 *Pen.* 1045.

But more recently, it has frequently been held that this court would recognize that distinction, and require the party to bring his action in its appropriate style.    And in *Rappelyea* v. *Hulse,* 7 *Halst.* 257, an action for driving the horses and wagon of the defendant against the horses and wagon of the plaintiff, with such force and fury as to frighten the plaintiff's horses, and cause them to run away, &c., this court reversed the judgment, because the action was in case, and not in trespass. If, therefore, the plaintiff in this suit has misconceived his action, the judgment must be reversed.

The gravamen is the obstruction of a by-road, and thereby depriving the plaintiff of its use.    The obstructing and blocking up of the road may have been direct, immediate, willful, and forcible, but that was not to, or upon the land of the plaintiff or to his possession ; it was not direct and immediate to him. The injury to him was the depriving him of the use of the by-road by reason of such obstruc-

tion. It was indirect and consequential, and therefore the subject of an action on the case, and not of trespass.

The second reason is assigned upon the ground that the *title* to the land or hereditaments is in question.

The court for the trial of small causes has jurisdiction of actions for trespass on lands in any case in which the plaintiff, in order to maintain it, is obliged to prove only the trespass and the actual possession of the premises; and although in one sense it is title, yet being a mere fact, an object of the senses, it may be shown in that court. But if the plaintiff is obliged to go beyond the mere fact of possession, to resort to such evidence as involves the execution, validity, or construction of deeds or other muniments of title to prove a grant or such enjoyment of the right claimed as implies a grant, then the title, in its broader sense, comes in question, and the court has no jurisdiction. See *Hill* v. *Carter*, 1 *Harr.* 87.

In this case the complaint is of the obstructing of a by-road in such manner as to deprive the plaintiff of his enjoyment of it. To maintain the action, the plaintiff must prove not only the obstruction, but his right to use the way without obstruction. He must prove his right of way. That is not a thing corporate, an object of the senses, but an incorporeal hereditament, a right issuing out of a thing corporate; a thing lying not in livery but only in grant, a right that may be enjoyed without the exclusive possession of the land. To prove this right, the party must exhibit documents showing a grant, or give evidence of such continued enjoyment as implies a grant. This is title in its full sense. Such proof is not competent in that court, and the cause requiring it is by the statute not within its jurisdiction. See *Randolph* v. *Montfort*, 1 *Harr.* 226.

Both reasons are well assigned, and the judgment must be reversed.

CITED *in Chambers* v. *Wambough*, 4 *Dutch.* 531.