29 Vroom.                    Trainer v. Wolff.

---

MARY TRAINER, PLAINTIFF IN ERROR, v. ERNEST WOLFF, DEFENDANT IN ERROR.

In an action of trespass, where the injury is inflicted with a reckless and wanton disregard of the rights of the party injured, exemplary damages may be recovered.

On error to the Hudson Circuit Court.

For the plaintiff in error, *James F. Minturn.*

For the defendant in error, *Collins & Corbin.*

The opinion of the court was delivered by.

GUMMERE, J.   The plaintiff in error was plaintiff in the court below, and brought suit to recover damages for a trespass *quare clausum fregit.* Plaintiff and defendant were the owners of adjoining houses in the city of Hoboken, the plaintiff's house being one story higher than that of the defendant. In 1893, the defendant raised his house an additional story, and, for the purpose of doing so, removed the weather boards from that portion of the plaintiff's house which was higher than his, and this action was brought to recover damages for this tortious act of the defendant. It was a disputed question at the trial whether the defendant, before removing these

weather boards from the plaintiff's house, had obtained her permission to do so, or whether he did it without her permission and against her protest. It was left to the jury to decide this question, and they determined it in favor of the plaintiff. Another question, however, which the plaintiff insisted should be left to the jury, was her right to exemplary damages, in case the jury should conclude that the defendant's act was not only unauthorized by her but was done in the face of her protest. The trial judge, however, refused to leave that question to the jury, and charged them that the circumstances of the case would not warrant them in awarding punitive or exemplary damages to the plaintiff.

This, in my opinion, was erroneous. If the jury found that the act of the defendant was a willful trespass, it was their province to say whether or not the plaintiff should have exemplary damages. The finding of the jury established the fact that the act was done with a wanton and reckless disregard of her rights, and it is well settled that, in such a case, the jury are not confined, in assessing damages, to compensation, but may give damages as a punishment to the defendant.

The cases upon this subject will be found collated in 5 *Am. & Eng. Encycl. L.* 22.

By the action of the trial judge, the plaintiff was deprived of her right to have this question passed upon by the jury, and for this reason the judgment of the court should be reversed, and a *venire de novo* issue.

*For affirmance*—LUDLOW, MAGIE, BOGERT, KRUEGER, SMITH.    5.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, DEPUE, GUMMERE, BROWN, TALMAN.    6.