EDWARD G. MILLER, DEFENDANT IN ERROR, v. JOHN RAMBO, PLAINTIFF IN ERROR.

Submitted March 26, 1906—Decided November 19, 1906.

1. In an action of trespass *quare clausum fregit*, if the proofs warrant a finding that the injury was done by the defendant maliciously, punitive damages are recoverable.

2. The securing of an order or an injunction against further trespass and injury, will not deprive the plaintiff in an action of trespass *quare clausum fregit*, from the right to recover compensatory damages for the injury done to his property, before the order or injunction was obtained, or for the period covered by its restraint.

On error to the Supreme Court.

For the plaintiff in error, *Howard L. Miller.*

For the defendant in error, *Austin H. Swackhamer* and *John W. Wescott.*

The opinion of the court was delivered by

FORT, J.   This was an action in tort for alleged injury to the real property of the plaintiff.   The suit was originally against the township of Greenwich and John Rambo.   At the first trial there was a verdict directed for the defendants, and judgment thereon.   This was reversed in this court as to Rambo and affirmed as to the township of Greenwich, and a new trial awarded.   *Miller* v. *Township, &c.,* 33 *Vroom* 771.

This court in that case held that injury by a stranger, to the exclusive possession in lands of a mere licensee, is actionable, citing *Paul* v. *Hazleton,* 8 *Vroom* 106.

On a retrial there was a verdict for the plaintiff against Rambo, and judgment thereon, and on review this court reversed that judgment.   The reversal in the second case went upon errors found in the admission of evidence.   *Miller* v. *Rambo,* 37 *Vroom* 191.

An examination of these two opinions will furnish full information as to the issues in the cause.

On the third trial, which is the one now before us, there was also a verdict for the plaintiff against Rambo, and judgment thereon. There has been no amendment or modification of the pleadings since the first trial, except as to striking out the township of Greenwich as a defendant.

Two of the errors assigned, which were argued on the brief, were:

*First.* The refusal of the motion to nonsuit.

*Second.* The like refusal to direct a verdict for the defendant.

It is unnecessary to consider either of these, as on both occasions when the cause was previously in this court, upon practically the same state of facts and the same pleadings, the court held that the plaintiff, if he proved his case as alleged, was entitled to recover.

In *Miller* v. *Township, supra,* Justice Collins says: "It was proved that the defendant Rambo cut down the street and destroyed the sewer. He proved no authority from the township. Against him, therefore, a right of action was established, and the judgment in his favor must be reversed and a *venire de novo* awarded."

In the case now before us the jury have found that there was no authority in Rambo, as overseer of the roads, to cut down the street as he did, and the plaintiff, under the previous decisions of this court, upon such a finding, was entitled to recover. The motions to nonsuit and direct a verdict were each rightly denied.

The next error assigned and argued on the brief is the refusal of the court to charge the following request:

"1. Damages cannot be recovered between the periods of cessation occasioned by the service of the injunction rule and its continuance, because that was brought about by the plaintiff himself."

It is alleged that the injuries resulting from the trespass were in part such as accrued because of the destruction of the

drain pipe of the plaintiff running from his dwelling across the street, abutting in front thereof, and that, to prevent further injury, the plaintiff applied to the Court of Chancery for an injunction to restrain the defendant from further cutting the grade and destroying his said drain, and that an order was made on the bill granting restraint against further work pending hearing. It was some months before the order was dissolved. This request related to damages during this period.

We think the request was rightly refused. To have charged it would have been to say that one who seeks the courts to prevent the further destruction of his property and greater damage must suffer the damage already done without compensation for the injury resulting therefrom during the time he is endeavoring to prevent the defendant from doing still more wrongful and injurious acts of trespass. We are at a loss to see upon what principle this suggestion can be sustained. It is clearly without force.

The defendant also assigns error in the refusal of the court to charge that "exemplary damages could not be recovered in the cause under the proof," and in charging as follows:

"The plaintiff claims that this work was done maliciously. Some testimony has been introduced showing certain remarks which the defendant is said to have made some months before. Now, you must decide whether this was done maliciously or not. If you conclude from the testimony that the defendant used his public office as overseer of the highways for the purpose of maliciously paying a private grudge, then you are justified in including punitive damages in your verdict—that is, such a sum above the actual damages which the plaintiff sustained as will punish the defendant for such a wrong and unwarranted act."

We find no reversible error in the charge or the refusal to charge upon this point. The law, as declared by the court, is directly within the rule as stated in the opinion of this court in *Trainer v. Wolff*, 29 *Vroom* 381.

The judgment of the Supreme Court is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, PITNEY, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY, DILL. 15.

*For reversal*—None.