## CATHARINE L. SCHAAF v. PENNSYLVANIA RAILROAD COMPANY.

Submitted July 3, 1908—Decided November 9, 1908.

Upon proof of slight inconvenience only, and without any proof of substantial damage to plaintiff in the use of a right of way, a verdict for $400 is set aside.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Alan H. Strong* and *Charles E. Gummere.*

*Contra, Vroom, Dickinson & Scammell.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff obtained a verdict for $400 at the Mercer Circuit as damages for the obstruction of a right of way, which she claimed as appurtenant to a lot which she owned, and upon which lot stood a store and dwelling-house. The lot is situated on the easterly side of Rose street, in the city of Trenton, to which the way in question led. The record shows that for many years the plaintiff's father, who was her predecessor in title, used this easement as a roadway. It adjoined the plaintiff's lot on the south, and ran parallel with the Delaware and Raritan canal, and at right angles to Rose street. Between the way and the canal was a strip of land which had been used, at times, as part of the canal towpath, until 1885, when the defendant company constructed a siding upon it; and the properties lay relatively in this condition until 1906, when the defendant company elevated its siding a distance of about two feet. The plaintiff then made the claim that the easement appurtenant to her property was interfered with by the new construction, and instituted this suit to re-

cover damages for the alleged trespass. The plaintiff contended that the siding had been moved over toward her property, so that while the way could be used practically to the same extent, and for the same purposes as formerly, yet a loaded hay wagon could not be hauled to her premises, although a wagon with a small load of hay could be hauled there. Such, substantially, seems to be the extent of the trespass, while opposed to this contention was the testimony of the railroad engineer, that the siding remained substantially upon its old alignment, and that the only change made consisted in its elevation.

Testimony was offered by the plaintiff tending to show damage to plaintiff's business as a proximate result of the trespass, which testimony, although excluded by the court, we think was entirely relevant, as the measure of damages in trespass is compensation for the loss. *Outcalt* v. *Darling,* 1 *Dutcher* 443; 13 *Cyc.* 57, 156, and cases.

We do not think, however, that the testimony now in the case presented as a basis for damages more than a question of nominal inconvenience to the plaintiff. The verdict established the right to the way as an easement appurtenant to her land; but our examination of the case discloses no testimony upon which the jury could award her more than nominal damages for a trespass purely technical in its character and results. *Phillips* v. *Phillips,* 5 *Vroom* 208; *Albright* v. *Cortright,* 35 *Id.* 330; 13 *Cyc.* 14, and cases.

The rule to show cause is made absolute.