DAVID S. WALTER, complainant-respondent,

*v.*

ERIC FREDERICK DANISCH and BROOKDALE DAIRY Co., a
corporation, defendants-appellants.

[Submitted October term, 1942.   Decided January 22d, 1943.]

130

For the complainant-respondent, *Francis A. Gordon.*

For the defendants-appellants, *Jacob R. Mantel.*

PER CURIAM.

The issues appear sufficiently in the opinion filed in the Court of Chancery. We agree that the facts of the case bring it within the classifications noted in *Hart* v. *Leonard 42 N. J. Eq. 416,* wherein equity may decree injunctive assistance to protect and enforce legal rights in real estate. The decree (1) struck frivolous portions of the answer, (2) determined that the defendants' premises were charged with certain uses in favor of complainant's property, (3) finally enjoined the defendants from obstructing those uses, (4) particularized the rights of complainant and (5) fixed counsel fees.

On the motion to strike both sides seem to have relied upon the *ex parte* affidavits presented on the rule to show cause why preliminary injunction should not issue. Appellants do

not question that phase of the procedure. Their contention thereon is that the proofs so submitted raised an issue which should have taken the case to final hearing; but we think otherwise. What they look upon as controlling allegations of fact we regard as merely argumentative disputes concerning the legal significance of the admitted allegations of the bill. A legal and not a factual controversy was presented; and the legal contentions thus asserted were not well founded. Therefore the motion to strike was properly granted. *Western Realty Co.* v. *Kassoff, 100 N. J. Eq. 325.*

As to the remaining points of the decision we do not understand that the Vice-Chancellor rested his final award upon the preliminary informal affidavits; and whether he did or did not we have given those affidavits no weight in that respect. The bill and the remaining parts of the answer are sufficient to that end. *R. S. 2:29-46.* It was unnecessary, in view of the comprehensive allegations of the bill and the admissions in the answer, to enter an interlocutory decree and to proceed thereon with summary proofs to support the bill.

The allowance of $250 to the solicitor and counsel for the complainant was reasonable and proper.

The decree below will be affirmed and, subject to this notation, for the reasons stated by the Vice-Chancellor.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 14.

*For reversal*—None.