Plaintiff instituted suit against the defendant to recover damages to the house owned by plaintiff and his wife as tenants by the entirety. The complaint was grounded on negligence and the evidence adduced by plaintiff sought to establish that the defendant had deviated from "standard blasting methods." Motions for nonsuit and the direction of a verdict for defendant were denied and the cause submitted to the jury which returned a verdict for plaintiff in the sum of $2750. From the judgment entered thereon this appeal is taken. *Page 217 
Defendant asserts that the judgment should be reversed because of the failure to join both tenants by the entirety as parties plaintiff. This point may not be raised on appeal since no motion was made based on an alleged non-joinder. However that may be, it has been held that trespass is a possessory action, and that one in possession may maintain an action without showing title in the damaged property. Todd v. Jackson, 26 N.J.L. 525 (E. A.
1857). The next ground urged for reversal is addressed to the asserted illegality and incompetence of the testimony of the expert witness produced by the plaintiff. This alleged error will not be considered on appeal in the absence of an exception to any ruling of the court with reference thereto, the judgment having been entered prior to September 15, 1948. Leonard's ofPlainfield v. Dybas, 130 Id. 135 (Sup.Ct. 1943).
Points one and four assert that the court erred in failing to grant the defendant's motions for non-suit and direction of a verdict. The case was tried upon the theory of negligence in deviating from standard blasting methods. James Bowen, a professional engineer with twenty-five years' experience in engineering and construction and who both studied and had experience in explosives, testified he knew and had familiarized himself with "standard blasting methods." His examination then proceeded as follows:
"Q. Would you say that if that were done according to standard method of blasting that would have happened? A. It would not."
"Q. If standard blasting were adhered to, would this condition that you saw have resulted? A. No, sir.
"By the Court:
"Q. How could it be avoided, Mr. Bowen? A. By lighter blasts and proper drilling before the blast was set off.
"Q. By proper drilling do you mean deeper drilling? A. Yes, and closer drilling, and drilling in the right place."
Louis Capone, the general manager and treasurer of the defendant corporation, testified that he had been in the business of excavating and rock blasting contractor for about thirty years. He testified as follows:
"Being that we were so close to this house, we were on very light charges. * * * In order to remove the rock that we were up against, we had to drill six feet of hole in the solid rock * * * *Page 218 
six feet deep holes in solid rock; and in order to get this out right, we would have to drill two holes in an area of six feet within four feet apart. * * * On Tonnele Avenue we were eight feet away from the house, and at that time we started line drilling the rock — every six or seven inches you put a hole, so that it would take any vibration away from the house."
On rebuttal, the plaintiff recalled Mr. Bowen to the stand and he was examined as follows:
"Q. In your opinion, when you are contiguous to a house such as the Balinski's at this excavation, was that the proper method to use? A. No, sir.
"Q. Tell us what, in your opinion, the proper method is to use. A. It should be dug every six inches apart, on a line.
"Q. And then what? A. And then drill in, so if the rock is big, not to break it off at one time."
The testimony of Mr. Bowen that lighter charges and line drilling six inches apart so as not to break off too large pieces at one time, coupled with the testimony of Mr. Capone of line drilling "six or seven inches" apart and the latter's failure to testify as to the size of the pieces of rock blasted out at one time, was some evidence of deviation from standard, albeit slight. In Whitla v. Ippolito, 102 N.J.L. 354 (E. A.
1926) it was stated that while a contractor has a legal right to blast in performing his contract, he must do so with due regard to the rights of others nearby and that if negligent in not using recognized and available methods, and damages result, he is liable therefor.
The judgment is affirmed with costs. *Page 219