**ELISE H. ENNIS, PLAINTIFF, v. SYLVIA GRAY AND JOHN D. WHITE, DEFENDANTS.**

Superior Court of New Jersey
Chancery Division

Decided  October  30,  1951.

*Mr. Stanley Cohen,* attorney for plaintiff.

*Messrs. Bilder, Bilder & Kaufman,* attorneys for defendants (*Mr. Sanford Freedman,* of counsel).

McLEAN, J. S. C. The plaintiff, Elise H. Ennis, is the owner of two tracts of land in Elberon, New Jersey. These

two tracts are located in a section of Elberon known as Lincoln Gardens, a section bounded on the north by Lincoln Avenue, Elberon, and on the south by Lawrence Avenue, Deal. The plaintiff's home stands on one tract and the remaining tract owned by her is vacant land. These parcels stand to the rear of property known as No. 1 Lincoln Gardens, which fronts on Lincoln Avenue. The plaintiff obtains ingress and egress to and from her property by a driveway running over No. 1 Lincoln Gardens and extending to Lawrence Avenue. Other houses along this driveway to the south of plaintiff use the driveway for similar access. The plaintiff and the other property owners along the road have a right of way or easement affecting the road by their deeds.

In 1946 the title to No. 1 Lincoln Gardens was in the name of Moe Gray and Sylvia Gray, his wife, as tenants by the entirety. The driveway as it was described in the various deeds of the property, and as it was then located, ran immediately alongside of the Gray home.

During the early part of July, 1946, without the consent of the plaintiff, a change was effected in the driveway on the Gray property. Plaintiff protested to the defendant Gray and her husband that these changes constituted a nuisance, notwithstanding which the existing driveway was cut off by the Grays who obstructed that part of their land over which was plaintiff's right of way. Part of the right of way was then filled in. Thus, the only means of ingress and egress to plaintiff's home from Lincoln Avenue, Elberon, was over the new driveway. The direction of the new driveway caused cars passing over it to reflect their lights into plaintiff's home, in such a way as to be a disturbing factor and a nuisance, and deprived plaintiff of the quiet enjoyment of her property. A demand that the roadway be restored to its former condition was made. At first it was ignored, then plaintiff's counsel and defendant's counsel proceeded to negotiate for an adjustment of the differences to the end the nuisance recited could be eliminated, but there was a lapse in the negotiations and the condition of the right of way was

such that the old right of way was barred to the plaintiff and the new driveway continued in use with resulting annoyance to plaintiff in the use of her home.

In the meantime, defendant Gray's husband died in 1948, and she succeeded to sole ownership of the property as a surviving tenant by the entirety. Defendant Gray then made no effort to correct the condition complained of. Subsequently, but before suit herein, a demand was made of the defendant Gray to restore the driveway to its former condition, a right the plaintiff has. *Ingling v. Public Service, &c., Co.,* 10 *N. J. Super.* 1 (*App. Div.* 1950).

Notwithstanding, the defendant Gray ignored plaintiff's protest and her request to restore the property and entered into a contract with the defendant, John D. White, for a sale of No. 1 Lincoln Gardens, with a provision in the contract that the purchaser would accept title with the right of way in its changed condition.

As a result of this action on the part of the defendant Gray, the plaintiff brought suit against the defendant Gray and the defendant White, thereby incurring expenses which could have been avoided by the defendant Gray had she fulfilled her obligation and duty unto the plaintiff.

The defendant White made no effort to correct the condition of the driveway and could not have done so as title was not in his name at the time the suit was instituted. However, he assigned his contract to purchase to the White Realty Co., Inc., and on September 18, 1950, the defendant Gray conveyed title to No. 1 Lincoln Gardens to the White Realty Co., Inc. It succeeded to the rights and obligations of the defendant Gray in connection with the right of way.

After the defendant White was served in the suit the aforesaid conveyance took place. Notwithstanding, the defendant White filed an answer in the proceedings, but subsequently amended his answer and at a pretrial conference offered to restore the driveway to its former condition, an offer which was continued at the time of the hearing herein. The defendant White, therefore, is absolved of damages by

reason of his conduct to the date of trial, and a judgment will, therefore, be entered against the defendant White ordering and directing him to restore the driveway to its former condition with no costs of suit to be taxed against him.

The defendant Gray, however, is responsible unto the plaintiff for money damages to the extent of the nuisance created by the change in driveway and for the expenses and money damages she put the plaintiff to because she created the condition which forced the plaintiff into litigation. The change in driveway created a depreciation in the plaintiff's property which has been nullified by the restoration of the driveway. Since there was no loss by a sale of the property in the interim, this has not been considered as an element of damage. Yet the annoyance of the reflecting lights is an element of damage since it violated plaintiff's right to the use of her property and the quiet enjoyment thereof. Her need to go to court may also be considered an element of damage. *Allen v. Smith,* 12 *N. J. L.* 159 (*Sup. Ct.* 1831). Also there is merit in the contention that undue enrichment is a ground for exemplary damages. *Trainer v. Wolff,* 58 *N. J. L.* 381 (*E. & A.* 1895).

As to the amount of damage, the testimony is that the litigation has thus far cost plaintiff upwards of $1,000 in counsel fee and costs and that plaintiff is obligated for further expenses and contingencies. It is estimated that $1,500 is a reasonable amount and will be allowed.