**PIONEER NATURAL GAS COMPANY**

**v.**

**K & M PAVING COMPANY.**

**No. 7153.**

Court of Civil Appeals of Texas.

Amarillo.

May 28, 1962.

Rehearing Denied Sept. 4, 1962.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellant.

Key, Carr, Carr & Clark, Lubbock, for appellee.

DENTON, Chief Justice.

K & M Paving Company brought this suit against Pioneer Natural Gas Company

for the loss of an earth moving machine which resulted from an explosion and fire. While in the process of excavating on a highway construction project in Lubbock County, the machine struck a gas transmission line belonging to the defendant below. The gas line was cut and the explosion and fire followed. The case was tried before a jury. Based on the jury verdict, judgment was entered for the plaintiff in the amount of $12,500.00. Pioneer's motion for an instructed verdict and its motion for judgment non obstante veredicto were overruled. The gas company has duly perfected this appeal and brings forward nine points of error.

K & M Paving Company was the recipient of a contract from the State Highway Department to construct 3.9 miles of a four-lane highway beginning within the city limits of Lubbock and extending in a southwesterly direction to a point along the "Brownfield Highway" beyond the city limits. On May 14, 1959 an employee of the paving company was excavating with a Euclid scraper along the right-of-way at an intersection of the highway designated as U. S. Highway 62 and Frankfort Avenue, when the scraper came in contact with the gas transmission line. The gas line was cut or broken and the resulting explosion and fire destroyed the scraper. The operator of the scraper immediately abandoned it upon discovering the line had been broken, and no claim for personal injuries is involved.

It is undisputed that Pioneer laid the gas line in question in 1956 in accordance with Article 1436b, Vernon's Ann.Civ.St. and that Pioneer had filed with the State Highway Department a plat showing the location of the line as it paralleled the existing highway in the right-of-way itself. It is also undisputed that Pioneer had received two written notices with attached preliminary right-of-way maps for the project to be constructed. These notices and plats were received more than 30 days before construction began as required by Art. 1436b. Mr. Kirchoff, Pioneer's division engineer

for distribution, also had actual knowledge of the general nature of the construction as a result of his being present on the project from time to time. Prior to the incident under consideration, Mr. Kirchoff had been called to the project to locate a gas line approximately one mile east of the place where the line was subsequently broken. No other lines were pointed out by Mr. Kirchoff, but testimony is in conflict as to whether or not inquiries concerning the location of other lines were made at that time by the paving company's foreman. All seemed to agree that the location of the gas lines farther up the right-of-way were not specifically pointed out by any of Pioneer's employees. K & M's employees, including its foreman, were aware that the gas line was in the general vicinity because of the presence of gas meters and a "regulator" visible off of but near the right-of-way being excavated. Article 1436b makes no requirement as to the depth gas transmission lines in rights-of-way must be laid, and there is a dispute concerning the depth the instant line was actually laid at the place it was struck. Various witnesses estimated its depth from two to three feet.

Appellee's cause of action is predicated on various acts of negligence in the manner of laying and the failure to mark the gas line. Its allegation that the manner in which the line was laid constituted a public nuisance under Art. 784 of the Penal Code was abandoned in the trial of the case. By way of defenses Pioneer pleaded it breached no duty to the plaintiff; that plaintiff was a trespasser with respect to the gas line; that as the line was lawfully located prior to the commencement of the construction project it held a superior right to that of the plaintiff; and alternatively, that the occurrence in question was the result of an unavoidable accident.

In response to special issues submitted, the jury found that Pioneer: failed to lay the pipe at a proper depth; failed to incase the line with a protecting conductor pipe; failed to notify K & M Paving of the location of the line; failed to properly

mark the line in question; and failed through its engineer to disclose the location of the line at the time he located another line approximately one mile east of the line in question. The jury found each of these acts or omissions to be negligence and a proximate cause of the damage to appellee's scraper. The jury further found that neither K & M Paving nor any of its employees were negligent in any respect; that K & M Paving did not assume the risk incidental to the construction project; that the situation as it existed was not open and obvious; and that the occurrence was not the result of an unavoidable accident. Based on these jury answers the trial court duly entered judgment for the plaintiff below.

By points of error One and Three appellant takes the position that the trial court erred in failing to grant its motion for a directed verdict and its motion for judgment non obstante veredicto on the ground it breached no duty owed to K & M Paving; and that there was no evidence to establish acts or omissions of appellant which were the proximate cause of the alleged damages. These points will be discussed together as they deal with a question of law concerning the duty owed by pioneer to K & M Paving Company. In determining the duty owed by one party to another, the relationship of the parties is important. From the record it is clear both Pioneer and K & M Paving were lawfully using and occupying the premises within the designated right-of-way. Pioneer had properly complied with Art. 1436b in laying its lines in the area, and K & M Paving was operating under a construction contract with the Texas Highway Department.

Pioneer urges that it owed no duty to K & M Paving or its employees as a matter of law because it could not be reasonably foreseen that the gas line in question would be broken and thereby resulting in the damage sustained by the paving company. Appellant relies principally on Houston Lighting & Power Co. v. Brooks, 161 Tex.

32, 336 S.W.2d 603, to support this contention. In our opinion the facts in that case are not analogous to the facts in the instant case. In that case the plaintiff was injured while working on the roof of a building under construction, when a long-handled mop he was working with came in contact with a high voltage electrical line belonging to the defendant. The electrical lines were properly located in compliance with the ordinance of the City of Houston and Art. 1436a, V.A.C.S. The court there noted the defendant had no actual knowledge of the probable danger to the plaintiff, and that there were no facts in the record upon which to base constructive notice to the defendant. The court recognized that the electric company owes a duty of ordinary care where the lines are improperly installed or maintained. The Houston City Ordinance prescribed the minimum clearance of eight feet for buildings and other structures and the lines were open and obvious. In the instant case no depth for the gas lines are prescribed, and Pioneer had both written and actual notice of the construction project. The gas line was buried and obviously not visible. It seems clear that the very nature and location of K & M Paving's work being performed, coupled with Pioneer's knowledge of the details of the paving work, distinguishes this case from the Brooks case cited above. A clear distinction exists between a visible electrical line and a buried gas line when considering foreseeability of someone making contact with them.

At the point the gas line was broken, it was laid in a zig-zag pattern. The line generally followed a straight line in a southwest-northeast direction to the intersections involved. It then veered some 40 feet due north, thence 63 feet in an easterly direction where the line connected with the visible "regulator." The exact location of the line at this particular place was thus deceiving to observers in that it would be assumed the line from the "regulator" would proceed directly north to connect with the gas meters in that direction. If

the line had in fact proceeded north from the "regulator" it is apparent contact with the line would not have been made in this area. Under these facts and circumstances, it can not be said that Pioneer owed no duty to K & M Paving as a matter of law. Rather, we think a question of fact was presented as to the foreseeability of probable danger to K & M Paving and its employees. Various elements of this question were submitted to the jury, and the jury answers were contrary to the position taken by Pioneer.

■ Appellant also urges in its point of error No. Two that it owed no duty to appellee for the reason K & M Paving was trespasser as to Pioneer's property rights. It has been held that a trespass to personalty may be committed by acts of destruction or injury to personal property. Mountain States T. & T. Co. v. Vowell Construction Co., 161 Tex. 432, 341 S.W.2d 148. However, in the instant case we think the facts are such that K & M Paving can not be said to be a trespasser. It was lawfully performing under a contract; Pioneer was put on notice of the work being performed, and was supplied with general plans of the project. Concluding that K & M Paving was not a trespasser and that some duty was owed to it by Pioneer, we are of the opinion under this record that Pioneer had an obligation to exercise ordinary care for the protection of K & M Paving and its employees. See Young v. Herrington, Tex.Civ.App., 312 S.W.2d 685 (no writ history); Morgan v. Empire Southern Gas Co., Tex.Civ.App., 236 S.W.2d 198 (no writ history); McWilliams v. Kentucky Heating Co. (Ken.Sup.Ct.) 166 Ky. 26, 179 S.W. 24. Appellant's first three points of error are therefore overruled.

■ By the next two points of error appellant urges that appellee was contributorially negligent as a matter of law in that K & M Paving knew there were gas lines in the vicinity, but did not avail themselves of the maps and plats showing their location. To support its position, appellant relies on testimony of appellee's foreman who admitted he knew lines were in the area where the accident occurred.

It is fundamental that the question of contributory negligence is generally, by reason of the very nature of the defense, one of fact for the jury to decide. McAfee v. Travis Gas Corp., 137 Tex. 314, 153 S.W.2d 442; Lang v. Henderson, 147 Tex. 353, 215 S.W.2d 585. In order that an act shall be deemed negligence per se, it must have been done contrary to a statutory duty or it must appear so opposed to the dictates of common prudence that we can say without hesitation or doubt that no careful person would have committed it. Gulf, C. & S. F. Ry. Co. v. Gasscamp, 69 Tex. 545, 7 S.W. 227; Temple Elec. Light Co. v. Halliburton, 104 Tex. 493, 140 S.W. 426; Lang v. Henderson, supra; Ice Service Co. v. Scruggs (Tex.Civ.App.), 284 S.W.2d 185 (refused n.r.e.). When the facts and circumstances are considered such as appellee's foreman's eleven years of experience; the depth and manner in which the gas line was laid at the point of contact; the notice given to Pioneer; and the visible evidence of the gas meters and regulator off of the right-of-way, we can not say the acts of appellee's employees were contributorially negligent as a matter of law. In our opinion the alleged acts of contributory negligence were questions of fact to be decided by the jury. The jury determined these questions in favor of appellee.

■ Appellant's last four points of error concern the refusal of the trial court to submit certain requested special issues. The requested issues pertained to whether or not appellee should have discovered the gas line in question; assumption of risk by appellee's agents or employees; failure of appellee to request appellant to turn off the gas at the location in question before proceeding with the excavation; and whether or not appellee was a trespasser with respect to appellant's personal property. These requested issues involved different shades of issues submitted in the court's charge. It

is therefore our conclusion these requested issues did not present any controlling or ultimate issues not submitted in the issues contained in the trial court's charge. We are therefore of the opinion the court's charge complied with Rule 279, Texas Rules of Civil Procedure.

After carefully reviewing this record we are of the opinion it presents no reversible error. The judgment of the trial court is accordingly affirmed.

## ON MOTION FOR REHEARING

Appellant's motion for rehearing earnestly insists that we erred in holding that K. & M. Paving Company was not a trespasser. To support this position appellant relies principally on Mountain States Tel. & Tel. Co. v. Vowell Const. Co., 161 Tex. 432, 341 S.W.2d 148. We are convinced there are distinguishing facts between the instant case and the Vowell case. We therefore do not consider the Vowell case controlling. The primary distinction between the two cases is the notice that had been given to the party whose utility line had been broken. Justice Norvell wrote in the Vowell case:

"Although Vowell knew that a cable had been laid in Mauer Drive, no demand, request or suggestion was made to the telephone company that it lower its cable along this street in view of the contemplated paving operations. It follows that the location of the cable was in all things legal and in accordance with the franchise granted by the city."

After holding that the molesting or severing of the cable by Vowell was a violation of a property right which gave rise to a cause of action regardless of negligence, the court used the following language:

"However, as above pointed out, there is no evidence * * * that the City or anyone acting for it had requested that the telephone company check its lines and if necessary remove

and re-lay them so that they would be below a specified depth before paving operations were undertaken. The owner of conduit lines lawfully in a street or alley can hardly be expected to know that their existing location is unsatisfactory in view of contemplated street surfacing or other improvements unless notified to that effect."

In the instant case Pioneer not only had actual notice of the construction job and had received a preliminary right-of-way map, but at K & M Paving Company's foreman's request Pioneer's division engineer went on the project and did in fact locate his company's gas line at one location. Although this was done approximately one mile from the point where the line was later broken, the engineer had knowledge of the scope and direction the paving project was to take. We think this knowledge in addition to the action taken by the engineer placed a duty on Pioneer that cannot be placed on the telephone company in the Vowell case.

Another distinction exists in the manner in which Pioneer had laid the gas line at the point of contact. As pointed out in our original opinion, the line was laid in a zig-zag manner giving it a deceiving effect to an observer. There is evidence in the record to the effect that the line would not have been struck if the line had been laid straight to the visible gas meters. Undoubtedly the line was laid at this point in accordance with good engineering practices, but this would be no defense under the circumstances before us.

It might be further added that there may be a distinction between an underground telephone cable and a high pressure gas line. The former is not considered inherently dangerous whereas a gas line, carrying a highly combustible material, is considered to be highly dangerous. Lane v. Community Natural Gas Co., (Sup.Ct.) 133 Tex. 128, 123 S.W.2d 639.

Appellant again strongly relies on Houston Lighting & Power Co. v. Brooks, 161

Tex. 32, 336 S.W.2d 603, to support its position that it owed no duty to K & M Paving as a matter of law. We think we adequately distinguished that case from the one under consideration in the original opinion.

We remain convinced that the facts and circumstances of this case are such that fact issues were raised that required a determination of such issues by the jury. The jury resolved these issues in favor of the appellee and against appellant.

Being of the opinion a proper disposition of the case was made, the motion for re-hearing is overruled.