115 N.J. Super. 550 (1971)
280 A.2d 497
P & A CONSTRUCTION, INC., A NEW JERSEY CORPORATION, AND FRANK SANTOS, PLAINTIFFS,
v.
HACKENSACK WATER COMPANY, A NEW JERSEY CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided July 27, 1971.
Mr. Meyer L. Rosenthal, for plaintiffs (Messrs. Kaufman and Kaufman, attorneys).
Ms. Lucille D. Russello, attorney for defendant.
ACKERMAN, J.C.C. (temporarily assigned).
On February 26, 1971 defendant Hackensack Water Company moved before *551 this court for an order allowing it to file a counterclaim. The counterclaim embodied three counts and, by order dated April 6, 1971, this court permitted defendant to file and serve a counterclaim as to the first and second counts and reserved decision upon defendant's motion with respect to the third count, which embraced allegations sounding in trespass. Plaintiff has alleged that the third count of defendant's proposed counterclaim is frivolous and fails to set forth a cause of action.
The question presented to the court may briefly be stated as follows: Whether the holder of an easement may maintain an action sounding in trespass for damage to water pipes allegedly within said easement.
In resolving the present dispute between the parties as to the efficacy of the cause of action set forth in the third count this court is governed by certain well-established principles of law set forth by our Supreme Court in Rappaport v. Nichols, 31 N.J. 188 (1954):
In dealing with the legal sufficiency of a complaint, plaintiff is entitled to a liberal interpretation of its contents and to the benefits of all of his allegations and most favorable inferences which may reasonably be drawn from them. [at 188]
The foregoing principles would logically apply to an attack upon the legal sufficiency of a counterclaim. The court is, in the final analysis, charged with the responsibility of searching the counterclaim in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned from the statement of a claim. See Di Cristofaro v. Laurel Grove Memorial Park, 43 N.J. Super. 244 (App. Div. 1957).
The concept of trespass conprehends in its broadest sense any misfeasance or offense which damages another's person, health, reputation or property. See 52 Am. Jur., Trespass, § 2. This broad definition has been refined by various jurisdictions with respect to trespass to realty, which is grounded upon a disturbance of possession, and trespass as to personalty, which encompasses an interference, however slight, *552 with the enjoyment by another of his personal property. See 52 Am Jur., Trespass, §§ 10, 11.
A dichotomy has been clearly drawn between the rights of an easement holder to sue for interference with his easement and the right of an easement holder to sue for damage to the personal property within the easement (e.g., water pipes). In Osborne v. Butcher, 26 N.J.L. 308 (Sup. Ct. 1857), and Goldman v. Beach Front Realty Co., 83 N.J.L. 97 (Sup. Ct. 1912), it was determined that trespass could not be maintained for an interference with a right of way. The ratio decidendi for said decisions was set forth in Osborne:
The gravamen is the obstruction of a by-road, and thereby depriving the plaintiff of its use. The obstructing and blocking up of the road may have been direct, immediate, willful, and forcible, but that was not to, or upon the land of the plaintiff or to his possession; it was not direct and immediate to him. The injury to him was the depriving him of the use of the by-road by reason of such obstruction. It was indirect and consequential, and therefore the subject of an action on the case, and not of trespass. [26 N.J.L. at 309-310]
Although the distinctions between the old common law writs have been disregarded (Miller v. Greenwich Tp., 62 N.J.L. 771 (E. & A. 1898)), our courts still recognize that the action of trespass is a possessory action. See Balinski v. A. Capone & Sons, 1 N.J. Super. 215 (App. Div. 1949). As the court stated in State v. Wouters, 71 N.J. Super. 479 (App. Div. 1962):
From early common law, the unauthorized entry into another's land constituted a trespass. Prosser, Torts (2d ed. 1955), § 13, p. 54. Blackstone observed:
Every unwarrantable entry on another's soil the law entitles a trespass by breaking his close. * * * For every man's land is in the eye of the law enclosed and set apart from his neighbors: and that either by a visible and material fence, as one field is divided from another by a hedge; or by an ideal invisible boundary, existing only in the contemplation of law, as when one man's land adjoins to another's in the same field. And every such entry or breach of a man's close carries necessarily along with it some damage or other; for if no other special loss can be assigned, yet still the words of the writ itself specify one general damage, viz. the treading down and bruising *553 his herbage. Chase's Blackstone's Commentaries (4th ed. 1919), pp. 735-6. [at 485]
Cf. Schaaf v. Pennsylvania R.R. Co., 77 N.J.L. 115 (Sup. Ct. 1908), wherein an action was brought for trespass to an easement. The court, however, did not consider the maintainability of the action. See also, 52 Am. Jur., Trespass, § 28.
The nature of an easement in gross (e.g., a right of way not supported by a dominant estate) appears to contradict a finding of possession necessary to the maintainability of a trespass action for interference with said right. Such easement has been defined as "an incorporeal hereditament * * * a thing lying not in livery but only in grant, a right that may be enjoyed without the exclusive possession of the land." See Osborne v. Butcher, supra, 26 N.J.L. at 310. An easement in gross, in the final analysis, is a nonpossessory interest in land. See Beetschen v. Shell Pipe Line Corp., 363 Mo. 751, 253 S.W.2d 785 (Sup. Ct. 1952). It is unnecessary to determine herein whether other types of easements carry with them a sufficient possessory interest to support an action sounding in trespass.
The foregoing, however, does not require a finding by this court that defendant's motion to serve and file a counterclaim sounding in trespass must be denied. The clear basis of said count is the contention that defendant damaged certain water pipes owned by it lying within its easement. Said water pipes are clearly personal property. As to any alleged damage to said pipes an action sounding in trespass lies. Persuasive authority for the foregoing conclusion can be found in Mountain States Telephone & Telegraph Co. v. Vowell Const. Co., 161 Tex. 432, 341 S.W. 2d 148 (Sup. Ct. 1960), wherein the court stated:
At common law, there was a distinction between "trespass" as a form of action and that of "trespass on the case". This distinction to some extent was based upon the circumstance that one was a wilful and deliberate act while the other contemplated an act or omission resulting from negligence. However, the trespass of the common law forms of action is not the "trespass" which is involved here.
*554 "The gist of trespass to personalty is an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force."
"Destruction of, or injury to, personal property, regardless of negligence, may be a trespass." 87 C.J.S. Trespass §§ 8, 9, p. 962.
* * * The molesting or severing of the cable was a violation of a property right which gave rise to a cause of action regardless of negligence * * * The particular appellation or classification to be given the particular act is not of controlling effect. The important thing is that a property right was violated. [at 150]
See also, New York Steam Co. v. Foundation Co., 195 N.Y. 43, 87 N.E. 765 (Ct. App. 1909); Pioneer Natural Gas Co. v. K & M Paving Co., 359 S.W.2d 533 (Tex. Civ. App. 1963), rev'd on other grounds 374 S.W.2d 214 (Tex. Sup. Ct. 1963).
In view of the foregoing, and in accord with this court's duty to liberally interpret the contents of the third count of defendant's counterclaim, it is the opinion of this court that defendant has set forth a cause of action sounding in trespass for the alleged damage to and destruction of defendant's personal property, i.e., its water pipes. Defendant's motion to file and serve a counterclaim, as to the third count, is therefore granted.