121 N.J. Super. 177 (1972)
296 A.2d 348
AMERICAN METAL COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
FLUID CHEMICAL COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 24, 1972.
*179 Mr. George Vaccaro for plaintiff (Messrs. Vaccaro and Osborne, attorneys).
Mr. Robert H. Simandl for defendant (Messrs. Simandl, Leff, Kraemer & Waldorf, attorneys).
BYRNE, A.J.S.C.
A motion is made to settle the form of an order of judgment in a case involving a right-of-way easement which burdened defendant's land in favor of plaintiff. Along a common property line defendant erected a fence with a gate three feet wide across the easement. Plaintiff alleged that the effect of this metal fence was to deprive him of the use of his premises in such a manner as to cause him substantial damage. Among the damages claimed was the expense of having to demolish certain of his buildings to provide for the access to his plant eliminated by defendant's wrongful closure of the easement. Plaintiff sued to recover compensatory and punitive damages, and for an injunction requiring removal of the fence.
The issue of liability was tried without a jury on October 15, 1971; on November 3, 1971 this court ruled that defendant could keep the fence, but was required to widen the gate across the easement ten feet. The issue of damages was reserved for further argument. However, at that time, the issue of exemplary damages was found in favor of defendant.
On August 2, 1972 argument on the issue of damages was heard by this court, and in a letter opinion dated August 4, 1972 damages were awarded in the amount of $7,322.26 in compensation to plaintiff for the construction necessary and proximately related to the closing off of the easement.
In an order of judgment proposed by plaintiff for defendant's consent, plaintiff included interest at 6% a year from July 13, 1969, pursuant to R. 4:42-11(b). Defendant, in turn, submitted an order in which it omitted this interest payment. Plaintiff objects to the form of this order which excludes the interest.
*180 R. 4:42-11(b) was adopted on December 21, 1971, to be effective January 31, 1972. It reads:
In tort actions, including products liability actions, the court shall include in the judgment interest at 6% per annum on the amount of the award from the date of the institution of the action or from a date 6 months after the date of the tort, whichever is later. The contingent fee of an attorney shall not be computed on the interest so included in the judgment.
Defendant denies that this rule applies to it on two grounds: (1) defendant maintains that the action for interference with the easement lies in contract and not in tort, and that, therefore, this section could not apply regardless of when this action is brought and judgment entered, and (2) even if this action does lie in tort, judgment was rendered on the issue of liability on November 3, 1971, prior to the effective date of the rule. Defendant notes that it objected to the bifurcation of the trial and wanted to argue damages along with liability. But, in any case, defendant argues judgment was rendered prior to the effective date and the mere adjudication of the amount of damages subsequent to that date should not make the rule applicable.
This court finds that the action for obstruction of the right of way easement lies in tort and that the judgment was rendered after the effective date, so that R. 4:42-11(b) should apply in this case.

I
When the courts of this State have spoken of an action at law to recover for damages caused by a defendant's interference with an easement, they have spoken in tort terms. Thus, in Schaaf v. Pennsylvania R.R., 77 N.J.L. 115 (Sup. Ct. 1908), plaintiff could not get her hay wagon onto her premises because of defendant railroad's obstruction of her right-of-way. The court there spoke in terms of trespass and allowed testimony to be taken showing damage to plaintiff's business as a proximate result of the trespass.
*181 However, the much more common approach, historically, has been to regard interference with an easement as trespass on the case. Goldman v. Beach Front Realty Co., 83 N.J.L. 97 (Sup. Ct. 1912); Osborne v. Butcher, 26 N.J.L. 308 (Sup. Ct. 1857) (wherein it is specifically noted that "case" and not trespass is the proper form of the action); Runyon v. Bordine, 14 N.J.L. 472 (Sup. Ct. 1834); the action for trespass on the case lies in nuisance in modern pleading when the plaintiff charges damages caused by interference with an easement. Ennis v. Gray, 16 N.J. Super. 184 (Ch. Div. 1951); Schmidt v. Brown, 226 Ill. 590, 80 N.E. 1071 (Sup. Ct. 1907); Stuart v. Larrabee, 14 S.W.2d 316 (Tex. Civ. App. 1929).
Despite this precedent, it may be well to look into the question further. The basic conceptual problem derives from the question of what is the nature of an easement itself. An easement is a property right which cannot be taken away without observing constitutional rights. Walter v. Danisch, 133 N.J. Eq. 127 (E. & A. 1943). Some courts have ruled that an easement is real property, e.g. Highland Realty Co. v. City of San Rafael, 46 Cal.2d 669, 298 P.2d 15 (Sup. Ct. 1956), but the general rule seems to be that "[an easement] is not an estate in land, nor is it `land' itself. An easement is, however, property or an interest in land." 25 Am. Jur.2d Easements and Licenses, § 2 (1966). Where there exists no privity of contract or estate between the parties at odds in a lawsuit, this question of whether or not an easement is real property, or how closely it approximates real property, probably becomes academic, since the party who allegedly interferes with an easement in such situations infringes on the property rights of another, depending on whether or not those rights exist. The contract which defines those rights clearly does not declare the rights and duties which exist between these particular parties but merely states what is the property of one party. However, where there is privity of estate between parties, and especially where there is privity of contract, there may be difficult *182 conceptual problems in defining the role of the contract either as the statement of what is the property of an individual party, or as the document setting forth the legal duties which the two particular parties in the lawsuit owe to one another. This is, in the end, the problem which the defendant's objection poses in this case.
(There exists privity of estate between the parties in this action. Defendant is successor in title to Heller Brothers Company, which, in 1949, granted an easement to one David H. McAvoy, Jr., to whom plaintiff is successor in title.)
A right-of-way easement as is involved herein is a permanent legal interest. Once the property qua easement has been conveyed, any interference with the owner's property rights will give that owner an action in tort against any interfering party, including the party with whom the easement's owner contracted to acquire the easement. While an easement is an encumbrance or a grant of a legal estate, distinct from ownership, to use in some way the land of another, Wellmore Builders, Inc. v. Wannier, 49 N.J. Super. 456 (App. Div. 1958), it is essentially and inherently a legal interest in land as distinguished from a restriction resulting from a restrictive covenant, which is but a creature of equity arising out of contract. Leasehold Estates, Inc. v. Fulbro Holding Co., 47 N.J. Super. 534 (App. Div. 1957). As such, the questions arising from the relationship of the parties set down in the contract are not particular to the contracting parties. It is the legal interest in the easement which governs. Once the easement has been granted, any interference with it is a violation of the vested property rights of the easement's owner as those rights are defined in the contract, and such interference constitutes a tort.
In this case plaintiff sued for the expenses he incurred because defendant interfered with the rightful use of the easement. The damages were proximately caused by that interference. Therefore, plaintiff recovered in an action in tort. R. 4:42-11(b), does apply to such an action for interference with plaintiff's right of way easement.

*183 II
Defendant does not contest the correctness of the bifurcation of the trial although he does note that he opposed the motion for separate trials. (There is no indication that defendant's opposition stemmed from a view that R. 4:42-11(b) might become effective in the interim between the liability and damages adjudication.) Under R. 4:38-2 the court may "whenever [it] finds that a substantial saving of time would result from a trial of the issue of liability in the first instance, * * * on a party's or its own motion, limit the trial in the first instance to the issue of liability alone."
Defendant does not argue that R. 4:42-11(b) does not apply to judgments rendered after the effective date of the rule even if the action was commenced prior thereto. However, even if defendant had so argued, the rule on its face makes no such distinction among judgments. Comment to R. 4:42-11(b) (1972 ed.); see Lynch v. Heymann, 119 N.J. Super. 151 (Law Div. 1972).
R. 4:42-11(b) was one of the 1971 amendments designed to stimulate the early settlement of cases. "Notice to the Bar," 94 N.J.L.J. 341 (1972). It was adopted as part of the court's calendar control program. Comment, supra. It is arguable, therefore, that since the purpose for which the rule was assertedly adopted will not be served by having this rule apply to actions commenced prior to the effective date of the rule where such action arose more than six months prior to that date, it should not be so applied; or, it might be argued that in such situations, the interest should accrue from at least no earlier than the effective date of the rule. However, as already stated, there is no basis for such an interpretation on the face of the rule. Furthermore, the rule can have the general purpose of making the claimant in a tort action whole  a purpose quite apart from the settlement-inducing function which it assuredly has. In this aspect, it differs from the offer of judgment *184 rule, R. 4:58, the purpose of which was clearly to facilitate the settlement of cases. Comment to R. 4:58 (1972 ed) the courts could, at their discretion, award interest from the date of the tort if the claimant would thereby be made whole. Thus, defendant may be receiving the same treatment he would have received even if the rule had not been adopted during the course of this lawsuit.
A decision must be made as to what was the "judgment" to which R. 4:42-11(b) applies. In West Jersey Title and Guaranty Co. v. Industrial Trust Co., 27 N.J. 144 (1958), it was stated:
A judgment ordinarily establishes the existence of the right; it is an affirmation in regard to the matters submitted to the court for decision; the first and most obvious consequence of a judgment is that it establishes an indisputable obligation and confers upon the successful party the right to issue execution or other process of the court for its enforcement. Yet this is not an integral part of the judgment. The judgment is merely an affirmation of a liability. The right to use the process of the court for its enforcement is a consequence which the law attaches to it. [at 150]
However, where the damages issue has not been decided, there is nothing for a court to enforce. There is no basis for any further action extrajudicially until judgment is rendered on the damage issue. This is not to say that the damages must be liquidated in order to have a final judgment, although in some cases, a judgment has been held not to be final if the damages awarded by it are unliquidated. 47 Am. Jur.2d, Judgments, § 1053 (1969). Adjudication as to the exact liabilities of the parties must be completed so that there need be no further recourse to the courts to make such decisions. (This may not apply to ongoing judgments as in family support cases.) Thus, the final judgment rendered on August 4, 1972 on the issue of damages is the judgment to which R. 4:42-11(b) applies.
The order for judgment should include the interest as computed under the provisions of R. 4:42-11(b).