734 A.2d 814

WILLIAM BROWN AND COLLEEN BROWN, PLAINTIFFS–APPEL-LANTS, v. DAVKEE INC., DEFENDANT–RESPONDENT, AND CHANNEL LUMBER, INC., CHANNEL OF MIDDLETOWN, A NEW JERSEY CORPORATION, CHANNEL HOME CENTERS, INC., AND CHANNEL COMPANIES INC., DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted July 27, 1999—Decided August 2, 1999.

Before Judges PAUL G. LEVY and STEINBERG.

*Parsons & Nardelli,* attorneys for appellants (*James M. Nardelli,* on the brief).

*Stephen E. Gertler,* attorney for respondent (*Mark S. Hochman,* on the brief).

The opinion of the court was delivered by

STEINBERG, J.A.D.

Plaintiffs William Brown and Colleen Brown appeal from an order calculating the post-judgment interest due them at 5.5 percent rather than at the rate of 7.5 percent and from the denial of their application for counsel fees in bringing the motion seeking to establish 7.5 percent as the proper rate of post-judgment interest. We reverse and remand.

Plaintiff William Brown was injured when he fell in a parking lot owned and maintained by defendant Davkee Inc. He and his wife filed suit and, on July 17, 1999, recovered judgment against defendant totaling $227,002.98, together with costs. The judgment included pre-judgment interest. Defendant appealed and we affirmed in an unpublished opinion. *Brown v. Davkee,* No. A–167–97 (App.Div. May 26, 1998).

On July 13, 1998, plaintiffs' attorney received a settlement check totaling $238,461.96, representing the judgment amount and post-judgment interest calculated at the rate of 5.5 percent through June 17, 1998, which apparently was the date the check was written. Plaintiffs objected to the payment, contending that post-judgment interest should have been paid through July 13, 1998, the date upon which the payment was received and, in addition, should have been calculated at the rate of 7.5 percent pursuant to *R.* 4:42–11(a)(iii). Defendant disagreed. Accordingly, plaintiffs filed a motion seeking a determination that they were entitled to post-judgment interest through July 13, 1998, calculated at the rate of 7.5 percent. Moreover, plaintiffs sought an order declaring defendant to be in violation of litigants' rights entitling them to an award of attorney's fees for bringing the motion.

■ *R.* 4:42–11(a) governs post-judgment interest. It provides as follows:

(a) Post Judgment Interest. Except as otherwise ordered by the court or provided by law, judgments, awards and orders for payment of money, taxed costs and counsel fees shall bear simple interest as follows:

(i) For periods prior to January 2, 1986, the annual rate of return shall be as heretofore provided by this rule, namely, 6% for the period prior to April 1, 1975; 8% for the period between April 1, 1975 and September 13, 1981; and 12% for the period between September 14, 1981 and January 1, 1986.

(ii) For judgments not exceeding the monetary limit of the Special Civil Part at the time of entry, regardless of the court in which the action was filed: commencing January 2, 1986 and for each calendar year thereafter, the annual rate of interest shall equal the average rate of return, to the nearest whole or one-half percent, for the corresponding preceding fiscal year terminating on June 30, of the State of New Jersey Cash Management Fund (State accounts) as reported by the Division of Investment in the Department of the Treasury. [For current rates see Publisher's Note below.]

(iii) For judgments exceeding the monetary limit of the Special Civil Part at the time of entry: in the manner provided for in subparagraph (a)(ii) of this Rule until September 1, 1996; thereafter, at the rate provided in subparagraph (a)(ii) plus 2% per annum.

Post-judgment interest may be included in the calculation of an attorney's contingency fee.

The motion judge concluded that *R.* 4:42–11(a) did not apply to tort actions in light of the fact that *R.* 4:42–11(b) expressly applies to tort actions. We disagree. *R.* 4:42–11(b) deals with pre-judgment interest only and is limited, by its very terms, to tort actions. That does not mean that a plaintiff in a tort action seeking post-judgment interest is not entitled to the benefits of *R.* 4:42–11(a)(iii). According to the publisher's note to *R.* 4:42–11, the proper rate of interest for 1997 and 1998 was 5.5 percent. We agree with plaintiffs' interpretation of *R.* 4:42–11(a), which expressly provides that "judgments, awards and orders for the payment of money, taxed cost and counsel fees shall bear simple interest" and then sets forth the manner of calculation of post-judgment interest. The rule does not exclude recoveries in tort actions. We recognize, as the motion judge observed, that *R.* 4:42–11(b) is entitled "Tort Actions". However, we disagree with the motion judge's conclusion that that means tort actions are excluded from the operation of *R.* 4:42–11(a). It merely means

that pre-judgment interest is only authorized in tort actions. Since plaintiffs' recovery exceeded the monetary limit of the Special Civil Part, we conclude that they were entitled to post-judgment interest at the rate of 7.5 percent per year, calculated as the sum of 5.5 percent authorized under *R.* 4:42–11(a)(ii) plus the additional 2 percent authorized by *R.* 4:42–11(a)(iii).

We are satisfied that *R.* 4:42–11(a) applies. *R.* 4:42–11(b) refers only to pre-judgment interest. Defendant contends that the Law Division has previously held that in tort actions, *R.* 4:42–11(b) should be utilized to calculate post-judgment interest. *See American Metal Co. v. Fluid Chemical Co.,* 121 *N.J.Super.* 177, 296 *A.2d* 348 (Law Div.1972). We disagree with plaintiff's interpretation of that case. *American Metal Co., supra,* dealt with an award of pre-judgment interest under *R.* 4:42–11(b), not post-judgment interest, and merely held that the rule applied to judgments rendered after its effective date even though the complaint was filed prior to that date. If we were to accept defendant's argument that *R.* 4:42–11(b) applies to post-judgment interest as well as pre-judgment interest in tort actions, the rule expressly provides that interest shall be calculated in the "manner provided for by paragraph (a) of [the] rule". Under that interpretation, plaintiff would still be entitled to the 2 percent per year premium set forth in *R.* 4:42–11(a)(iii).

■ The motion judge's denial of plaintiff's request for counsel fees was based upon his conclusion that the position taken by defendant was debatable and, in fact, debatable to the point where he agreed with defendant. Since we have reversed, we also remand to the trial judge for reconsideration of plaintiffs' application for an award of counsel fees. We express no opinion as to plaintiffs' entitlement to an award of counsel fees.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.[1]

---

[1] The motion judge also determined that interest must be paid to "approximately the date the check is received by plaintiff". Defendant has not cross-

appealed and accordingly is bound by that decision. Although not necessary to
our decision, we note our agreement.