**VOWELL CONSTRUCTION COMPANY,**
Appellant,

v.

**MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY et al.,**
Appellees.

No. 5376.

Court of Civil Appeals of Texas.

El Paso.

March 23, 1960.

Rehearing Denied May 18, 1960.

Edwards, Belk, Hunter & Kerr, El Paso, for appellant.

Scott, Hulse, Marshall & Feuille, Andress, Lipscomb, Peticolas & Fisk, El Paso, for appellees.

ABBOTT, Justice.

This was a suit brought by the Mountain States Telephone and Telegraph Company, a Colorado corporation, against Vowell Construction Company and Kistenmacher Engineering Company, to recover damages sustained by it as a result of certain earth-moving equipment owned and operated by Vowell, striking and cutting a 1530-pair telephone conduit and cable, owned by the telephone company and buried in Mauer Drive, a public street in El Paso, Texas. The Ysleta Independent School District, a school district of the State of Texas, with approval from the City of El Paso, had entered into a contract with Vowell Construction Company for the installation of curbs and paving on Mauer Drive, an unimproved street, all in accordance with a grade of elevation on plans and specifications prepared by Kistenmacher Engineering Company. The Kistenmacher Engineering Company was employed by the Ysleta Independent School District as the engineer to prepare the plans and specifi-

cations, and to fulfill the duties of engineer on the project. The City of El Paso participated further in the project to the extent of paying for the over-width paving. The Kistenmacher Engineering Company placed stakes showing the required cut and fill of earth to be made by the contractor on Mauer Drive to produce the grade required. At one station, identified as 2 plus 00, the stake set by the Engineering Company called for a cut of 2.4 feet to reach the subgrade, the bottom of the excavation, and when Vowell Construction Company had excavated only 2.2 feet at station 2 plus 00, and before the required cut had been made, a scraper pulled by a tractor struck the conduit and cable, slicing the same into pieces.

As a result of the damage done, the telephone company brought suit against Vowell, alleging negligence and breach of contract; and against Kistenmacher alleging negligence in several particulars. Vowell, defendant below, answered alleging that the negligence, if any, was due to the failure of Kistenmacher correctly to stake out the location, and also alleging the telephone company to be negligent in failing to bury its conduit and cable to a proper depth. Kistenmacher, defendant below, answered alleging Vowell to be liable for all damage done, by virtue of the wording of the contract between Vowell and the Ysleta Independent School District. The telephone company, plaintiff below, during the course of the trial, filed its first trial amendment abandoning its allegations of negligence as to Vowell only, and as cause of action against Vowell alleged breach of contract and trespass. The telephone company continued to proceed against Kistenmacher on its allegations of negligence. The case was submitted to the jury in the form of special issues, and the jury found Vowell had breached his contract, and awarded the telephone company the damages sought. The jury found no negligence as to Kistenmacher.

Appellant, Vowell Construction Company, brought several points of error, and there are numerous counterpoints raised by appellees, Mountain States Telephone and Telegraph Company and Kistenmacher Engineering Company; but because of our disposition of this case, it will not be helpful to discuss all of the points separately.

Appellant contends that the trial court erred in overruling its motion for judgment non obstante veredicto, reasoning that the contract under which Vowell operated was one between Vowell and the Ysleta Independent School District, and that the telephone company was not a party to the contract and had no rights as a third party beneficiary. Also, that the contract was one merely to indemnify the independent school district. The specific portions of the contract under scrutiny here state:

"9.   Care of Existing Structures and Property

All existing property, public or private—trees, fences, sewers, water and gas mains, telephone conduits and cables, embankments, sidewalks, paving, or any other structures in the vicinity of the work shall be protected from injury by the Contractor during the construction and until the completion of the work. The Contractor shall be liable for all damages done to such structures as above provided, and shall save and keep the Owner harmless from any liability from injuries, damages or repairs to same."

"30.   *Protection of Adjoining Property:* The said Contractor shall take proper means to protect the adjacent or adjoining property or properties in any way encountered, or which might be injured or seriously affected by any process of Construction, to be undertaken under this agreement, from any damage or injury by reason of said process of construction, and he shall be liable for any and all claims for such damage on account of his failure to fully protect all adjoining property."

Under the circumstances of this case, since the telephone company abandoned its allegations of negligence as to Vowell, the above portions of the contract must make Vowell absolutely liable for the damage, in order for the telephone company to recover as against Vowell.

■ The Texas courts have consistently frowned upon contracts of service imposing absolute liability, unless the terms of the contract are clear, unambiguous and definite, and the contract will not be construed as made for the benefit of a third party unless such intention clearly appears. Standard Accident Ins. Co. v. Knox, 144 Tex. 296, 184 S.W.2d 612; Citizens Nat. Bank ·in Abilene v. Texas & P. Ry. Co., 136 Tex. 333, 150 S.W.2d 1003.

■ Section 9 of the contract in question does not appear to us to be of that clear and unambiguous character as to make Vowell an absolute insurer; but, on the other hand, does appear to be an indemnity contract to save and keep the owner (Ysleta Independent School District) harmless from any liability from injuries, damages or repairs to same.

Appellee also alleged in its trial amendment that Vowell was guilty of trespass as to the easement of the telephone company. There were no issues concerning this matter submitted, and no findings by the trial court. The Ysleta Independent School District, through its authority from the City of El Paso, had control of the street in question and had the right to regulate its use by utility companies or anyone else. Art. 1175, subds. 12, 16, Vernon's Ann.Tex.Civ.St.; Art. 8280–126, Vernon's Ann.Tex.Civ.St.; City of San Antonio v. Bexar Metropolitan Water District, Tex.Civ.App., 309 S.W.2d 491; Glade Const. Co. v. Dietert, Tex., 295 S.W.2d 642.

Since Vowell was on the property in question by contract with the independent school district, it cannot be guilty of trespass under the circumstances.

It is our opinion that the appellee, after abandoning its allegations of negligence, cannot recover on its theory of breach of contract or trespass, and that the trial court erred in not granting the appellant Vowell's motion for judgment non obstante veredicto. This eliminates the necessity of a discussion of appellant's Points of Error numbers 3 and 4, as they were objections to special issues concerning the above.

■ Appellant's Point number 5 is as to the failure of the trial court to grant a mistrial by reason of the closing argument of appellee's (Kistenmacher) counsel. At the time of the argument, there was no objection made, but at the conclusion of the argument the motion for mistrial was made. Buchanan v. Mosqueda, Tex.Civ. App., 320 S.W.2d 878, 879, and the cases cited therein, hold that:

> "where argument is of such ·nature that if· objection is made at the time so that counsel can offer an explanation or make such correction as will make such argument proper or harmless, or if the argument is of such nature that its withdrawal by counsel or instruction by the court to disregard the same will cure the error and render the error harmless, the complaining party must object to such argument and request the court to instruct the jury not to consider same, and failure to do so waives the error."

We believe the argument complained of was of such a nature, and that the rule announced above is applicable to the present case, and, therefore, the failure to object at the time constitutes a waiver. Appellant's Point No. 5 is overruled.

The portion of the judgment pertaining to appellee Kistenmacher Engineering Company is not further attacked, and the judgment of the trial court is affirmed as to it.

The judgment as between the Mountain States Telephone and Telegraph Company and Vowell Construction Company—for

the reasons hereinbefore set out—is reversed and rendered, with costs assessed against plaintiff below (appellee here), Mountain States Telephone and Telegraph Company.

### On Motion for Rehearing

The appellee, Mountain States Telephone and Telegraph Company, has filed its Motion for Rehearing in this cause, and we believe it necessary to clarify certain points of our original opinion.

■ Appellee urges, in a thorough brief, that our finding of "no trespass" on the part of Vowell Construction Company is error. It is true, and this court recognizes, that the Telephone Company acquired certain property rights in Mauer Drive due to the franchise granted it by the City of El Paso and the installation of the underground conduit and cables in said street. A violation of those acquired property rights must be shown, as required by law, before a recovery for the damages can be made. Appellee, in its first trial amendment abandons completely its pleadings of negligence. We have held, in our original opinion, that there was no breach of contract. The telephone company did not plead, prove, or submit issues as to willful or intentional trespass by Vowell Construction Company, and it is fundamental that recovery, if at all, must be upon the cause of action alleged. Gammage v. Alexander, 14 Tex. 414; Brewton v. Butler, Tex.Civ.App., 12 S.W.2d 228; Michels v. Crouch, Tex.Civ.App., 122 S.W.2d 211.

In view of appellee's action (abandoning its allegations of negligence), it was its burden to plead and prove a willful or intentional trespass by Vowell, and to request that those issues be submitted to the jury. This was not done. Consequently, the judgment of the trial court is without support of jury findings on issues of willful or intentional trespass, there being no pleadings to support such issues, the judgment rendered by the trial court cannot stand.

Appellee raises the question of trespass because of breach of contract by Vowell. In our original opinion we held there to be no breach of contract.

Appellee also raises the point that the Ysleta Independent School District did not have the right to regulate the use of Mauer Drive; and with this we fully concur. But, by the authority granted it by the City of El Paso, the School District did have the right to contract with Vowell as it did; and, as noted by appellee, this point at any rate, was non-essential to the case.

Believing our original opinion to be correct, the motion for rehearing is overruled.