THE MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY v. VOWELL CONSTRUCTION COMPANY ET AL.

No. A-7919. Decided December 7, 1960.
Rehearing Overruled December 31, 1960.
(341 S.W. 2d Series 148)

*Scott, Hulse, Marshall & Feuille, Louis A. Scott* and *W. A. Thurmond,* of El Paso, for petitioner.

*Edwards, Belk, Hunter & Kerr* and *Crawford S. Kerr Jr.,* of El Paso, for respondent.

MR. JUSTICE NORVELL delivered the opinion of the Court.

While preparing an El Paso street for paving, Vowell Construction Company severed a 1515 pair communications cable (3030 wires) owned by The Mountain States Telephone and Telegraph Company. A judgment against Vowell and in favor of Mountain States was reversed by the Court of Civil Appeals. 335 S.W. 2d 804. The appellate court held (1) that Mountain States had waived any cause of action it may have had against Vowell based upon negligence; (2) that the recovery awarded by the trial court could not be supported upon the theory that Vowell had committed a "trespass," and (3) that the provisions of the construction contract between Ysleta Independent School District and Vowell relating to the protection of existing struc-

tures and property located in or adjacent to the street was an indemnity agreement for the prtoection of the school district and not a contract for the benefit of third parties such as Mountain States.

In our opinion, the petitioner telephone company as plaintiff in the trial court pleaded and conclusively established that Vowell Construction Company had committed a trespass for which it was liable in damages. It follows that the judgment of the Court of Civil Appeals should be reversed and that of the trial court affirmed. We need not discuss the contract theory of liability.

By trial amendment the telephone company pleaded that:

"[B]y virtue of its franchise from the City of El Paso, Plaintiff's conduit and cable were lawfully placed in Mauer Drive prior to the time Demendant, Vowell Construction Company was awarded the contract for improving said street, and said conduit and cable were lawfully occupying the space in said street in which the conduit and cable were situated prior to and at the time Vowell Construction Company began its work on Mauer Drive; that by virtue of said franchise Plaintiff had a valid and lawful possessory right to the land occupied by said conduit and cable, * * * and that in operating its machinery and equipment in the manner in which it was operated, and in breaking said conduit and cable, said Defendant committed a trespass on Plaintiff's rights, property, and property interest, and thereby became liable to Plaintiff for all damages resulting from such trespass."

The evidence conclusively showed that the telephone company held a valid franchise from the City of El Paso which gave it the right to occupy a portion of the street for the purpose of laying a telephone cable and an enclosing conduit. The franchise did not specify the depth at which the communication line should be laid. Although Vowell knew that a cable had been laid in Mauer Drive, no demand, request or suggestion was made to the telephone company that it lower its cable along this street in view of the contemplated paving operations. It follows that the location of the cable was in all things legal and in accordance with the franchise granted by the city.

At the time the cable and its conduit were laid down, Mauer Drive was an unsurfaced and unimproved way. Thereafter the Ysleta Independent School District made arrangements with the

City of El Paso whereby the district, with some financial assistance from the City, undertook the paving of the drive and the construction of curbs along the street. In pursuance of this design, the School District employed Kistenmacher Engineering Company to prepare plans and specifications for the work and to perform inspection services. Vowell Construction Company was awarded the construction contract. At the point where the severance of the cable occurred, Kistenmacher had placed a stake calling for a cut of 2.4 feet to reach the proposed subgrade of the street. When the actual depth of the cut or excavation was 2.2 feet below the surface of the ground, a Vowell scraper pulled by a tractor snagged the telephone cable and severed the same.

While Vowell charged Kistenmacher with negligence in setting the grade stakes and failing to warn the contractor that the 2.4 foot cut would approach the position of the telephone cable in the ground, the jury found for Kistenmacher and that phase of the case is not before us.

By the trial amendment, part of which is set forth in the forepart of this opinion, the telephone company placed its complaint squarely upon the grounds of trespass, and expressly waived its previously plead grounds of negligence. Despite this, however, certain issues were answered by the jury in such manner as would apparently support a recovery upon the theory of negligence. However that may be, we think a recovery upon the theory of trespass is clearly supported by the record, and we need not further mention the negligence theory other than to say that as we understand the telephone company's theory of liability it is that Vowell by reason of having severed the cable which was lawfully in the street, became liable in damages regardless of whether such severing was the result of a negligent act or not. The Court of Civil Appeals on the other hand seems to have taken the position that for the severing act to constitute a trespass Vowell must have actually intended to cut the cable. It was said that as any cause of action for negligence was waived and as no issues were submitted to the jury upon the trespass theory (which the Court seemingly regarded as embracing an intentional severance of the cable), the petitioner cannot recover.

■ We are unable to agree with this analysis of the case. At common law, there was a distinction between "trespass" as a form of action and that of "trespass on the case." This distinction to some extent was based upon the circumstance that one was a wilful and deliberate act while the other contemplated an

act or omission resulting from negligence. However, the trespass of the common law forms of action is not the "trespass" which is involved here.

"The gist of trespass to personalty is an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force."

"Destruction of, or injury to, personal property, regardless of negligence may be a trespass." 87 C.J.S. 962, Trespass, sections 8, 9. See, Carter v. Haynes (1925) Texas Civ. App., 269 S.W. 216, 1.c. 219.

■ Here, the scraper was deliberately and intentionally used in making a cut to the designated subgrade. The telephone cable was lawfully in place. The molesting or severing of the cable was a violation of a property right which gave rise to a cause of action regardless of negligence. Champion v. Vincent, 20 Texas 811; McDaniel Bros. v. Wilson, Texas Civ. App., 70 S.W. 2d 18, wr. ref.; Shell Petroleum Corporation v. Liberty Gravel & Sand Company, Texas Civ. App., 128 S.W. 2d 471, no wr. hist.; Whitehead v. Zeiller, Texas Civ. App., 265 S.W. 2d 689; Illinois Bell Telephone Co. v. Chas. Co., 3 Ill. App. 2d 258, 121 N.E. 2d 600; New York Steam Co. v Foundation Co., 195 N.Y. 43, 87 N.E. 765, 21 L.R.A. N.S. 470. The particular appellation or classification to be given the particular act is not of controlling effect. The important thing is that a property right was violated.

■ There is some argument in the briefs that the telephone cable in the particular locality should have been placed at a greater depth below the surface of the ground. The cable or the covering conduit at the point of severance was evidently buried between 2.2 and 2.4 feet (around 27 inches) below the earth's surface. There was some testimony that the telephone company generally placed its cables thirty inches below the top of the curb,— which would be approximately thirty inches below ground level. However, as above pointed out, there is no evidence that the franchise ordinance specifiied any particular depth, or that the City or anyone acting for it had requested that the telephone company check its lines and if necessary remove and re-lay them so that they would be below a specified depth before paving operations were undertaken. The owner of conduit lines lawfully in a street or ally can hardly be expected to know that their existing location is unsatisfactory in view of contemplated street surfacing or other improvements unless notified to that effect. The City of El Paso undoubtedly could have required that the

telephone cable to be placed at a greater depth than that at which it was actually laid, but in this case the City or no one acting under its authority made any such demand or request of the telephone company.

The judgment of the Court of Civil Appeals is reversed and that of the trial court affirmed.

Opinion delivered December 7, 1960.
Rehearing overruled December 31, 1960.