MAPCO, INC., Appellant,

v.

Frank RATLIFF, Appellee.

No. 6437.

Court of Civil Appeals of Texas,
El Paso.

Oct. 1, 1975.

Rehearing Denied Oct. 29, 1975.

Lynch, Chappell, Allday & Aldridge, Randall Lundy, D. Bruce Pope, Midland, for appellant.

Crenshaw, Dupree & Milam, Brad Crawford, Jr., Cecil C. Kuhne, Lubbock, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is an action by a pipeline owner against a plowing contractor for severance of a buried pipeline. Involved are questions of trespass to personalty, negligence, and contributory negligence. Based on a jury verdict, a take nothing judgment was entered from which the plaintiff, Mapco, brings this appeal. The judgment will be affirmed.

In 1960, plaintiff Mapco purchased a pipeline easement from the owner of the land in question, which easement provided that the pipeline "shall be constructed at sufficient depth below the surface of the ground to permit normal cultivation, . . .." The pipeline was severed by the defendant while "deep plowing" for the owner. The pipeline was originally constructed at a depth of 48 inches, but at the time of the puncture the evidence as to its depth ranges from 22 to 30 inches. The change in depth was due to the shifting sands of Gaines County where wind erosion of the soil is a serious problem. To combat the problem, the soil is plowed deep enough to bring up clay to mix with the surface sands. This process of deep plowing was found by the jury to be normal cultivation in the area and the evidence supports that finding.

Mapco as plaintiff alternatively pled trespass and negligence. Mapco cannot recover in trespass because its line was not within its easement. Hence, there was no invasion of its estate. The easement granted was to a "sufficient depth below the surface of the ground to permit normal cultivation, . . .." By the jury findings, the pipeline at the time of puncture was not below that depth. It was not within the easement. This is an important fact and distinguishes this case from those relied on by Mapco under its trespass theory. See for example the cases of *Mountain States Telephone and Telegraph Company v. Vowell Construction Company,* 161 Tex. 432, 341 S.W.2d 148 (1960), *Pioneer Natural Gas Co. v. K & M Paving Co.,* 374 S.W.2d 214 (Tex.1963), and *Phillips Pipe Line Company v. Razo,* 420 S.W.2d 691 (Tex.1967). There the Court stated *"Phillips* was lawfully maintaining its pipeline in the easement granted it by the landowner." The same was true in *Vowell.* Such was not the case here and Mapco cannot recover in trespass. Pioneer was not decided on a trespass theory, but on an unusual and extraordinary use of the surface.

On the negligence theory, the jury found that the defendant was negligent in

failing to make further investigation after seeing the pipeline markers. Mapco was found guilty of contributory negligence by a cluster of issues numbered 8, 9 and 10; the jury found it failed to maintain the pipeline at a depth to permit normal cultivation, that such was negligence and a proximate cause. Mapco urges that these issues should be disregarded because first, it had no duty to maintain under its easement, and secondly, it had no duty because of the lack of foreseeability. It first argues that it had only a duty to "construct" its pipeline below normal cultivation depth. This argument must be rejected for clearly the parties did not intend that cultivation would be only on the day of construction but that it would continue through the years. The easement said construct and maintain. Also, the construction placed on the easement by the parties themselves is the strongest evidence of their intention; through the years Mapco had reburied the line when the shifting sands uncovered it. In fact, the north half of the section where this break occurred had been reburied twice since 1960. This occurrence was in 1970.

■ On the question of foreseeability, it is urged that there was no duty to maintain because of the jury's findings on issue number 11: "Do you find from a preponderance of the evidence that Mapco knew, or in the exercise of ordinary care should have known, that the line on the property where the puncture occurred was not of sufficient depth to permit normal cultivation procedures?" To that the jury answered no. Mapco does not contend that this issue is in conflict with Special Issues 8, 9 and 10, but instead is an evidentiary fact finding going to the legal question of whether Mapco had a duty to maintain its line below normal cultivation depth. We are of the view that Issue 11 has been rendered immaterial by the jury findings on 8, 9 and 10 and was properly disregarded. Tex.R.Civ.P. 301, *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191 (Tex.1966). Under the Court's definition of negligence, the jury found that the "failure to maintain" was negligence. That was a continuing duty, which is not overcome by the finding in issue number 11. Issue 11 does not establish the fact that Mapco had no knowledge; it is a failure to prove a negative—no knowledge; and it is a finding that the evidence does not preponderate as to such knowledge.

■ On the question of the duty to maintain, we quote from *Phillips Pipe Line Company v. Razo,* supra:

"Phillips was lawfully maintaining its pipeline in the easement granted it by the landowner. The operator of a pipeline has the duty of ordinary care in the construction and maintenance of its lines, but this duty does not extend to hold the pipeline operator liable for every conceivable contact with its pipeline. In *Pioneer Natural Gas Co. v. K & M Paving Co.,* 374 S.W.2d 214 (Tex.Sup.1963), this Court held that pipeline operators had the 'duty to properly install their lines and to avoid dangers from occurrences such as leaks and breaks in the pipe which could result from others making *ordinary* use of the surface.' (Emphasis added.)"

In the case before us, the ordinary use of the surface—specifically reserved by the landowner in his easement—was for cultivation. Normal cultivation for the shifting sands of Gaines County was the deep plowing practice which caused the damage here. The evidence is that deep plowing was practiced at the time of this occurrence. It was also practiced at the time of the granting of the easement in 1960. That distinguishes this case from the case of *Brennan v. Socony Mobil Oil Company,* 254 F.Supp. 792 (S.D.Tex.1966), aff'd, 385 F.2d 951 (5th Cir. 1967) where "root plowing" was unknown when that easement was executed. The evidence of deep plowing is undisputed, the only variance being as to how often different farmers practiced it. This ordinary use of the surface should have been anticipated by Mapco and charged it with foreseeing such use.

All points of error have been considered and all are overruled, including Appellee's

cross-point. The judgment of the Trial Court is affirmed.