SOUTHWESTERN BELL TELEPHONE COMPANY, Appellant,

v.

HERTZ EQUIPMENT RENTAL COMPANY et al., Appellees.

No. 17694.

Court of Civil Appeals of Texas, Fort Worth.

Feb. 6, 1976.

Rehearing Denied March 12, 1976.

William H. Smith, Dallas, Morgan, Gambill & Owen, and Judge Gambill, Fort Worth, for appellant.

Brown, Crowley, Simon & Peebles, and Anne Gardner, Fort Worth, for appellees.

## OPINION

MASSEY, Chief Justice.

December 16, 1971, defendant Joseph Eugene McMurtrie, driving truck of defendant Hertz Equipment Rental Company, proceeded in an easterly direction on what is known as the west freeway in Fort Worth, Texas. His direction of travel was toward the City of Fort Worth. At a point proximate to Sanguinet Street the top portion of the load on the truck struck an overhead cable of plaintiff Southwestern Bell Telephone Company. The collision was forceful. The truck overturned with its load. Damage done to the telephone company as result of the severing of its cable was in the amount of $8,353.88 according to the jury verdict.

In the trial court a take nothing judgment was rendered both on the telephone

company's primary action and upon the cross-action of Hertz. Judgment was based upon verdict by which the jury refused to find that the negligence of Hertz' driver was a proximate cause of the collision and also refused to find that the telephone cable was negligently maintained at such a height as to be struck. The telephone company appealed.

Judgment reversed. Judgment here rendered for recovery by the telephone company in the amount of damages found.

Merrick Street overpass is located approximately three blocks to the west of the point of collision. Hertz' truck driver had loaded the truck at a point to the west from the Merrick overpass. The truck was loaded with a "fork-lift", a self-propelled machine by which loads are lifted from the ground or floor of premises to be transported laterally and deposited at a different location.

In upright position the elevating parts of the "fork-lift" may be operated by rolling or sliding upon the frame. These are telescoping parts which when fully extended enable the lifting of material, etc., to a considerable height. The load on Hertz' truck was with this framework in upright position. By jury finding not attacked the height of the topmost part of the "fork-lift" at time of the collision was sufficient to come into contact with the telephone cable. As loaded upon the truck in upright position, at time of the collision the "fork-lift" reached a height above thirteen feet six inches (13' 6") by jury finding not attacked. On this there was evidence, not contradicted, to the effect that as the truck passed under the Merrick Street overpass the top portion of the "fork-lift" scraped the underportion of the same so that sparks were created by the friction. Debris such as concrete fragments and dust particles were present in the air in that area immediately after the truck passed beyond and to the east of this overpass. Evidence was entered upon trial that at the point where the scraping occurred the height of the underside of the overpass was just under sixteen feet on its west side—point of entry by the truck—and only slightly higher than fifteen feet on the east at the point where the truck escaped the overpass. Observed is the possibility that the collision with the overpass might have jolted the telescoping parts so that a portion thereof was extended so as to make the load on Hertz' truck reach a greater height at time the telephone cable was struck than that existent at time of the collision with Merrick overpass, though the only evidence in the record was that such an extension could not have resulted. In any event we conclude that the answer to questions posed by the appeal could not thereby have been affected.

The telephone cable having been severed and cast to the ground as result of the damage done by the collision its height could not be measured. The height of the wire by which it had been suspended was shown, and also proved was a measurement of its height in April prior to the December collision. In April the height was in excess of seventeen feet. Ample evidence showed that there was heavy traffic at all times on the west freeway, with every vehicle passing under the cable with no damage done prior to the occasion of the collision. Furthermore there is no attack upon the jury finding which acquitted the telephone company of negligence in the maintenance of the cable, whatever its height might have been.

The telephone company's basic theory of liability is that of trespass. The claim is that the law has application as stated in the case of *Mountain States Tel. & Tel. Co. v. Vowell Const. Co.,* 161 Tex. 432, 341 S.W.2d 148 (1960). That case was one where the defendant intentionally made a cut into the ground and into a telephone cable. There the defendant was charged with notice of the presence of the particular cable, he being obligated by his contract with a third party to protect existent structures and property located in or adjacent to the street upon which the cut was made. In *Mountain States* the cable was lawfully in place

when it was damaged, the defendant merely having failed to follow through and obtain exact information on the depth at which it was buried before making the cut.

■ We reject the claim of liability by theory of trespass. The record does not establish intent on the part of Hertz' driver to drive the truck with knowledge that it was loaded so that the height of the load exceeded the maximum permitted by law. The record merely establishes that such driver was negligent in either failing to know or in not discovering the fact; and that perhaps through ignorance he did proceed to operate the truck with its load of excess height.

■ We do, however, find ourselves in accord with the alternative negligence theory plead by the telephone company, upon which the case was submitted to the jury. Since the telephone company laid a predicate therefor by its motion for judgment *non obstante veredicto* to the trial court, we are authorized to disregard the jury's failure and refusal to find that the action of Hertz' driver constituted negligence or a proximate cause. We should render judgment for the telephone company upon determining that the driver's negligence, as a matter of law, was also a proximate cause, as a matter of law, of the collision with the telephone cable and of the consequent damages. T.R.C.P. 301, "Judgments".

■ The jury, having found for the telephone company upon adequate evidence that the Hertz vehicle, with its load, exceeded thirteen feet six inches (13' 6") at time of the collision with the cable, and therefore in violation of the Uniform Act Regulating Traffic on Highways, at V.A.T.S., Art. 6701d–11, Sec. 3, "(Weights and loads, etc.)—Width, length and height", it necessarily follows that the operation of the same was negligence as a matter of law. Since the jury refused to find for Hertz that the telephone company was negligent in maintaining its cable at such a height that Hertz' vehicle with load would strike it, we necessarily conclude that the telephone company maintained its cable in such manner as not to incommode the public. There was compliance with requirements relative to the height at which it should maintain the cable. V.A.T.S. Title 32, Ch. 10, "Public Utilities", Sub. 1, "Telegraph", Art. 1416, "Public ways: use".

The telephone company stands acquitted of negligence constituting proximate cause of the collision. The only question is whether the same thing might be said of Hertz and its driver.

The parties concede that Hertz' driver was guilty of negligence as a matter of law, though by answer to a special issue the jury refused to find such as a fact. The parties differ upon whether such negligence constituted a proximate cause of the collision with the telephone cable. On this the jury refused to find proximate cause as a matter of fact. We hold that under the circumstances of the case the driver's negligence was a proximate cause as a matter of law.

■ In Texas it is settled that "foreseeability" of same or similar consequence by one who is negligent is treated as an element of "proximate cause". *Thurman v. Chandler,* 125 Tex. 34, 81 S.W.2d 489 (1935); 40 Tex.Jur.2d, p. 471, "Negligence", Sec. 19, "(Tests of Proximate Cause)—In general; Natural and probable consequences". Since in the instant case there would be no question but that the excess in the height of Hertz' truck with load was a direct cause of the collision in question, the determinative question is whether such collision was or should have been "foreseeable".

■ The test to be applied is whether an ordinarily prudent person, in the light of common or ordinary experience, should under the circumstances have reasonably anticipated that a collision would occur as the result of his conduct. 40 Tex.Jur.2d, p. 477, "Negligence", Sec. 21, "Attributed foresight"; *Houston Lighting & Power Company v. Brooks,* 161 Tex. 32, 336 S.W.2d 603 (1960); *Mexican Nat. R. Co. v. Mussette,* 86 Tex. 708, 26 S.W. 1075 (1894); *Texas & P.*

*Ry. Co. v. Bigham,* 90 Tex. 223, 38 S.W. 162 (1896); and 155 A.L.R. 157, Annotation: "Foreseeability as an element of negligence and proximate cause", supplemented at 100 A.L.R.2d, p. 942.

It has been stated that "The law of probable cause holds that an injury which is the natural and probable consequence of an act of negligence is actionable and such an act is the proximate cause of the injury. The injury which could not have been foreseen or reasonably anticipated as the probable result of an act of negligence is not actionable, and such an act is either a remote cause, or no cause whatever of the injury." *Ney v. Yellow Cab Co.,* 2 Ill.2d 74, 117 N.E.2d 74, 51 A.L.R.2d 624 (1954). It is obvious that the Illinois court was speaking of the "event" when it used the term "injury". In the case under scrutiny the cause is the excess height of the Hertz truck and load striking a properly placed telephone cable. Therefore the operation of the truck with excess in the height of the load could not be a remote cause of that event. The operation of the truck with an excess in the height of the load could not be deemed to have constituted no cause whatever.

It is obvious from legislative enactments on mandatory heights of structures, etc., across highways and in the limitations put upon heights of vehicles carrying loads that our Senators and Representatives foresaw the probability of collisions, one with the other. Thereby a guide is supplied to "foreseeability" by a reasonably prudent person, both as related to negligence and proximate cause, excepting when he might encounter some extraordinary circumstance.

The facts and circumstances of the instant case present no extraordinary circumstance. Therefore by the "ordinarily prudent man" test the collision which occurred, or one of similar character, should reasonably have been anticipated by the driver of the Hertz truck. We hold that his negligence amounted to a proximate cause of the collision and damage done to the telephone line as a matter of law.

Judgment is reversed. Judgment is rendered that Southwestern Bell Telephone Company have and recover joint and several judgment from Hertz Equipment Rental Company and Joseph Eugene McMurtrie in the amount of $8,353.88, plus interest thereon at 6% from February 17, 1975 to September 1, 1975, and at 9% per annum thereafter until paid, per V.A.T.S. Art. 5069–1.05, "(Interest)—Rate of judgments".