**GENERAL TELEPHONE COMPANY OF the SOUTHWEST, Appellant,**

v.

**Robert BLACKSHER and Blacksher & Son, Inc., Appellees.**

No. 01–87–0342–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 12, 1987.

Rehearing Denied Dec. 17, 1987.

William G. Mundy, Glenda R. Beard, General Telephone Co. of the Southwest, Irving, for appellant.

H.D. Pate, Bridge City, for appellees.

Before WARREN, COHEN and DUNN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a take-nothing judgment rendered against the appellant ("General Telephone"), in its suit to recover for damage to its underground cables, as a result of the appellees' ("Blacksher") excavation for a water line.

The main question for determination here is whether a contractor, who was found not negligent in observing any above-ground signs of buried lines and in operating a digging and boring machine, can nevertheless be held strictly liable for damaging underground telephone lines lawfully in place.

Trial was to the court, which found (1) that General Telephone had a telecommunications cable buried underground under East Main Street in League City in October 1982; (2) that Blacksher had been hired as a contractor by C.R.H., an engineering firm employed by the city to install a water line across Main Street; (3) that the water line was laid for, and with the permission of, the city in a public road under the city's jurisdiction; (4) that Blacksher completed the digging for the water line relying on a map furnished by the engineering firm, C.R.H., that showed several underground utilities in the path where Blacksher was digging; (5) that the map did not show General Telephone's telecommunications cable; and (6) that it is customary in Galveston County in Blacksher's business to rely on maps furnished by engineering firms showing underground utilities in the digging or boring of underground lines. The court further found that General Telephone had no markings above the ground within a reasonable distance that would indicate that it had an underground telecommunications cable near the place where Blacksher was boring. Finally, the court found that Blacksher's machine struck and punctured the appellant's cable, and that General Telephone suffered $8,171.05 in damages.

The trial court concluded that as a matter of law, Blacksher was not negligent when its employees, in operating the boring machine, struck General Telephone's cable. The court held that Blacksher and its employees acted as a reasonable and prudent person would act in the same circumstances in the operation of a digging and boring machine and in observing any markings.

Finally, the court found that Robert Blacksher was not liable in his individual capacity and that all work done on the job was done by Blacksher & Son, Inc.

The appellant presents two points of error. First, it asserts that the court erred in failing to enter judgment on its trespass cause of action, and that the undisputed evidence showed that Blacksher failed to contact General Telephone before digging in the public right-of-way. Second, the appellant argues that the court's finding that Blacksher acted as would a reasonable and prudent person was against the great weight and preponderance of the evidence.

 In the second point of error, the appellant contends that the court's negligence finding was against the great weight and preponderance of the evidence. In reviewing this point of error, we consider and weigh all of the evidence, both that in support of and contrary to the court's finding that Blacksher acted as a reasonable and prudent person. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). The finding must be upheld unless we find that it is so against the great weight and preponderance of the evidence as to be manifestly erroneous or unjust. *Sheridan & Son Co. v. Seminole Pipeline Co.*, 731 S.W.2d 620, 623 (Tex.App.—Houston [1st Dist.] 1987, no writ).

In defining the duty of one who excavates or makes an unusual use of the surface of an urban street or road, the burden is upon the one who excavates to avoid striking the line or to make reasonable inquiry about the location of any lines. *Pioneer Natural Gas Co. v. K & M Paving Co.*, 374 S.W.2d 214 (Tex.1963). Given this duty, we examine the actions of the appellees in the instant case.

Blacksher & Son, Inc. was hired to finish the excavation on this project when the previous contractor went bankrupt. Blacksher was recruited by C.R.H., the consulting engineers working for League City. There was testimony that before digging, Blacksher obtained a map of the area from the engineering firm, and the map showed the location of several utility lines, e.g., gas, storm, and sewer lines, beneath the road where the water line was to run. There was evidence that it is customary in the contracting and construction business to rely on maps furnished by the engineers on a project to locate any subsurface utility lines. Mr. Blacksher testified that he had been in the excavation and construction business for about 30 years, and that generally the engineers on a project, rather than his own company, contacted the utility companies to locate their lines.

Blacksher also testified that there was an inspector who worked for C.R.H. who had been working on this project for nine months and who was on the job the entire time Blacksher was there. There were telephone cables overhead, and Blacksher asked the inspector if there were utility lines, specifically telephone lines, down below ground, but that the inspector told him that they were all overhead. There was evidence of a "riser" cable in the area, indicating buried utility lines, but the evidence is conflicting on how far away it was from the appellees' digging site, and Blacksher testified that he did not see it. There was also evidence that there was a telephone company manhole nearby, but that it was covered by dirt from other nearby construction activity.

When Blacksher's employees hit the telephone cable, they ceased work immediately, and the job inspector walked over to where a man was working on a cable to ask him to look at the digging site. He could not tell whether it was the telephone cable until he had located a phone company map that showed where the phone company manhole was located. With its backhoe, Blacksher then moved away about 12 inches of dirt to uncover the manhole, and the telephone worker was then able to tell where the line was. Blacksher then dug up the damaged line to help the repair efforts and "did everything that we could to help them."

In summary, the evidence showed that before digging, Blacksher consulted and relied on a map of the area, showing several utility lines, that had been furnished by the consulting engineers on the project. Blacksher had been in the excavation busi-

ness for many years, and there was some evidence that it was customary for contractors to rely on the engineers to check for the location of utility lines. Although there was a riser cable in the area, it was somewhere between 50 and 200 feet away from the digging site, and the evidence showed that Blacksher did not see it. Nor was the telephone company manhole visible, because it was covered with dirt. When Blacksher's employees hit the cable, they ceased work immediately and sought help in identifying the line. These facts support the trial court's finding that the appellees acted as a reasonable and prudent person in observing any markings and in operating the digging and boring equipment. The court's failure to find negligence was not against the great weight and preponderance of the evidence. The second point of error is overruled.

We next move to the question of whether Blacksher could be held strictly liable for damaging the telecommunications cable, without regard to negligence.

In the first point of error, the appellant contends that the trial court erred in failing to render a judgment on its trespass or strict liability cause of action. General Telephone contends that although its trespass cause of action was properly pled and proven, the court ignored that cause of action in its findings and conclusions. The appellant alleges that the undisputed evidence establishes its right to recovery on this ground.

The judgment states that the court "heard this cause on its merits," and "this cause was submitted to the Court on matters of facts as well as of law, and the Court having heard the evidence, pleadings and argument of counsel and being fully advised herein finds for the Defendants . . . ." The judgment then orders that the plaintiff, General Telephone, take nothing. By ordering that the plaintiff "take nothing," the judgment here effectively disposed of all claims asserted by the appellant in its pleadings, even though there was no express mention of the trespass cause of action. *Stroud v. Jones,* 295 S.W.2d 491, 497 (Tex.Civ.App.—Beaumont 1956,

writ ref'd n.r.e.). Further, because one or more of the elements of the trespass cause of action were included by the trial court in its findings, the omitted unrequested elements may be supplied by presumption in support of the judgment. Tex.R.Civ.P. 299. The judgment on the appellant's trespass claim was thus finally adjudicated and is properly before us for review.

In *Mountain States Telephone & Telegraph Co. v. Vowell Construction Co.,* 161 Tex. 432, 341 S.W.2d 148, 150 (1960), the Texas Supreme Court held that an injury to personal property could be a trespass regardless of negligence. "The gist of trespass to personalty is an injury to, or interference with, possession, unlawfully, with or without the exercise of physical force." *Id.*

In *Mountain States,* a construction contractor was held liable in trespass for severing a telephone company cable when its scraper cut into the subsurface to prepare a road for paving. The court found that (1) the telephone cable was lawfully in place under the ground, (2) the act leading to the injury (scraping into the subsurface) was intentional, and (3) the cable was damaged. The court held that the telephone company's property right had been violated, giving rise to a recovery in trespass, regardless of negligence.

The court reasoned that utility companies with lines lawfully in place under a street cannot reasonably be expected to monitor every possible street improvement that might affect each of their lines, unless they were notified of the activity. *Id.,* 341 S.W.2d at 151. "It would place an unreasonable burden upon plaintiff were we to require it to follow all stages of a street improvement project and to constantly follow the equipment of a contractor doing such work to see that none of its lines were damaged." *Pioneer Natural Gas Co. v. K & M Paving Co.,* 374 S.W.2d at 220 (quoting *Willmar Gas Co. v. Duininck,* 239 Minn. 173, 58 N.W.2d 197 (1953)). Thus, when an extraordinary use is made of the surface, the one who excavates or drills has a strict duty to avoid damaging utility lines lawfully in place. *Mountain States,* 341 S.W.2d

148; *see General Telephone Co. of the Southwest v. Bi–Co Pavers, Inc.*, 514 S.W. 2d 168, 171 (Tex.Civ.App.—Dallas 1974, no writ).

More recently, in *Southwestern Bell Telephone Co. v. Frio Materials Co.*, 571 S.W.2d 376 (Tex.Civ.App.—Texarkana 1978, writ dism'd), a construction contractor was held liable for damaging telephone cables while drilling a hole for a concrete pier. The court held that the contractor had a duty to determine what was below an urban street before digging. It found that the rule of *Mountain States* controlled, and that the telephone company established its right to recovery by proving that its cables were lawfully in place, that the contractor intentionally set its auger into motion, and that the auger severed the cables, violating the property right of the telephone company.

We find that the facts of the case at bar also put it squarely within the rule announced in *Mountain States*. Here, the undisputed evidence showed that the telecommunications cables were lawfully in place, that Blacksher intentionally began to excavate under Main Street, and that Blacksher's equipment damaged the telecommunications cable. Thus, under the rule of *Mountain States*, the appellant was entitled to judgment, and the court erred in not so finding. The first point of error is sustained.

We note that the trial court's finding of no personal liability of Robert Blacksher has not been challenged on appeal.

We reverse and render judgment for the appellant against only Blacksher & Son, Inc. in the amount of damages found by the trial court, $8,171.05.